966 So.2d 786 (2007)
Sharanita S. THOMAS, Plaintiff-Appellant,
v.
Dr. Paul CRAWFORD and Louisiana Patients Compensation Fund, Defendant-Appellee.
No. 42,386-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2007.
*787 S.P. Davis, for Appellant.
Robert G. Pugh, Jr., Baton Rouge, for Appellee.
Before WILLIAMS, GASKINS and MOORE, JJ.
WILLIAMS, Judge.
The plaintiff, Sharanita Thomas, appeals a judgment in favor of the defendant, Dr. Paul Crawford. The district court sustained defendant's exception of prescription, dismissing plaintiff's claim. For the following reasons, we affirm.

FACTS
On August 27, 2001, Sharanita Thomas first saw Dr. Paul Crawford, an obstetrician, regarding her fourth pregnancy. Previously, she had given birth to a boy in October 1996, after having a miscarriage in 1993 and stillborn twins in 1992. An ultrasound showed a twin pregnancy with an estimated gestational age of nine weeks. Thomas also sought medical treatment on the following dates:
*788  September 26, 2001, visited Dr. Crawford. Twin fetal heart tones were heard;
 October 8, 2001, seen by Dr. Crawford for lightheadedness and dizziness, she was advised to eat regular meals;
 October 24, 2001, an ultrasound showed twin gestation with appropriate fetal growth;
 November 15, 2001, admitted to Willis Knighton-Pierremont for observation after a car accident, in which another vehicle backed into her auto in a fast food drive-through lane. Thomas was not seen by Dr. Crawford, but was monitored by another physician for several hours and then discharged;
 November 21, 2001, visited Dr. Crawford, who heard twin fetal heart tones.
On November 24, 2001, at approximately 12:30 p.m., Thomas went to the Willis Knighton Labor and Delivery Unit with a complaint of abdominal pain and contractions during the previous night. She was admitted for premature rupture of membranes and pre-term labor. Dr. Crawford consulted with Dr. Selman Welt, a perinatologist, who opined that the prognosis for the pregnancy was poor.
At 8:00 a.m. on November 25, 2001, an ultrasound examination showed the death of one of the twins. Labor was induced and stillborn twins were delivered. The following day, November 26, 2001, Thomas was discharged from the hospital. A pathology report found acute chorioamnionitis of the placenta of the first fetus.
One year later, on November 25, 2002, Thomas mailed a medical malpractice complaint and request for a medical review panel to the Patient's Compensation Fund Oversight Board ("PCF"), which informed her attorney that the request needed to be filed with the Division of Administration. Thomas' attorney then mailed another complaint, which was deemed filed on December 11, 2002, the date of receipt by the Commissioner of Administration.
In January 2005, the medical review panel issued an opinion finding that Thomas had been appropriately evaluated and monitored after the auto accident, that such an impact was not related to her premature delivery and that Dr. Crawford's notes showed that Thomas was regarded as a high risk patient. The panel further found that her medical history was not consistent with incompetent cervix syndrome, since she had previously delivered a child at 36 weeks. The panel opined that Dr. Crawford met the applicable standard of care and that the loss of the twins at 21 weeks was caused by chorioamnionitis, pre-term labor and fetal demise.
On April 8, 2005, the plaintiff, Sharanita Thomas, filed a petition for damages against the defendant, Dr. Crawford, alleging medical malpractice. In April 2006, the defendant filed a peremptory exception of prescription and plaintiff later filed an opposition. Neither party called any witnesses at the hearing on the exception. In its reasons for judgment, the district court found that the plaintiff possessed sufficient knowledge to start the running of prescription on November 26, 2001, the date that she was discharged from the hospital after losing the twins, based on plaintiff's experience with her previous pregnancies and her awareness that she was a high risk patient. The court rendered judgment sustaining the exception of prescription. The plaintiff appeals the judgment.

DISCUSSION
The plaintiff contends the district court erred in sustaining the exception of prescription. Plaintiff argues that the court was clearly wrong in finding that prescription began to run on the date *789 plaintiff was discharged from the hospital, simply because she felt a mere dissatisfaction with the defendant's services at the time.
The prescriptive period for medical malpractice is found in LSA-R.S. 9:5628, which provides that an action for damages against a physician arising out of patient care must be filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect. The one-year prescriptive period commences on the date a patient discovers or should have discovered the facts upon which the cause of action is based. When a party has sufficient information to incite curiosity, excite attention or place a reasonably minded person on guard and call for inquiry, she has the constructive knowledge necessary to start the running of prescription. Cruse v. LSU Medical Center, 34,779 (La.App.2d Cir.6/20/01), 792 So.2d 798; Bossier v. Ramos, 29,766 (La.App.2d Cir.8/20/97), 698 So.2d 711, writ denied, 97-2583 (La.12/19/97), 706 So.2d 463. Constructive knowledge sufficient to commence the running of prescription requires more than a mere apprehension that something might be wrong. Griffin v. Kinberger, 507 So.2d 821 (La.1987); Bossier v. Ramos, supra.
Prescription does not run so long as it is reasonable for a patient not to recognize that the undesirable condition may be related to treatment. When a patient has knowledge of facts strongly suggestive that her condition may be the result of improper treatment and the physician has not attempted to conceal information which is available to the patient through inquiry, then the facts and cause of action are reasonably knowable. A patient's inaction for more than one year under these circumstances is not reasonable. Cruse, supra; Bossier, supra.
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. However, when the plaintiff's petition shows on its face that the prescriptive period has expired, the burden shifts to the plaintiff to allege and prove facts indicating that the injury and its causal relationship to the alleged misconduct were not apparent or discoverable until within one year before the action was filed. Cruse, supra. An appellate court may not set aside a trial court's finding of fact unless it is clearly wrong. Stobart v. State, 617 So.2d 880 (La.1993).
In this case, the district court was not clearly wrong in finding that the petition was prescribed on its face and that the burden of proof was on the plaintiff to show that the lawsuit was filed within one year of her discovery of the alleged malpractice. The record shows that plaintiff's petition was filed more than one year after the date of her discharge from the hospital following the loss of her twins and the petition does not allege that she was unaware of the facts upon which her medical malpractice claim is based.
Contrary to plaintiff's contention in her appellate brief, her deposition testimony demonstrates that at the time of the death of her twins, plaintiff possessed more than a vague apprehension that something was wrong. She testified that on November 26, 2001, the date of her discharge from the hospital, she believed that defendant had not provided her with proper care and that her twins would have survived if she had received appropriate treatment. This testimony indicates that plaintiff was aware of facts suggesting that the loss of her twins was specifically related to defendant's *790 alleged failure to provide proper prenatal care.
Here, the plaintiff's claim is based on the delivery of stillborn twins following treatment by the defendant during the period from August 2001 through November 2001. As of November 26, 2001, plaintiff knew she had undergone premature labor and that medical complications had resulted in the death of her twins. Thus, when the plaintiff was discharged from the hospital in November 2001, the information available to plaintiff was sufficient to incite her curiosity and place her on notice of the need for further inquiry.
After reviewing the record, we cannot say the district court was clearly wrong in finding that in November 2001, the plaintiff was aware of facts which constituted the constructive knowledge necessary to begin the running of prescription. Thus, plaintiff failed to file her claim within one year of the date on which she knew or should have known of the alleged malpractice. Consequently, the plaintiff's cause of action has prescribed. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the district court's judgment sustaining the defendant's exception of prescription is affirmed. Costs of this appeal are assessed to the appellant, Sharanita Thomas.
AFFIRMED.