WILLIAMS, J.
hThe claimant, Alvin Carthon, appeals a judgment in favor of the defendant, Johnson Controls, Inc. (“Johnson Controls”), denying his claims for medical benefits, penalties and attorney fees. The Workers’ Compensation Judge (“WCJ”) found that the claimant’s testimony regarding his disability was not credible. For the following reasons, we affirm.
FACTS
The claimant, Alvin Carthon, worked in the maintenance department at the Johnson Controls Shreveport facility, where seats for trucks were assembled. On March 11, 2010, the claimant was injured on the job while helping to move a container that had jammed the assembly line. When he stood up from a kneeling position, claimant felt pain in his lower back and reported the incident to his supervisor. Claimant was sent to WorkCare and was seen by Dr. Ravi Goel, who ordered an x-ray. Dr. Goel diagnosed claimant with back strain and released him to light duty. When claimant complained of continuing back pain at his next visit, Dr. Goel referred him to Dr. Milan Mody, an orthopedic surgeon, and ordered an MRI.
In April 2010, claimant saw Dr. Mody, who noted the x-ray report of a degenera *419 tive disc at L4 and that claimant’s lumbar MRI showed a disc herniation at the L4-L5 level. Claimant was not working at the time because the plant had been temporarily closed. Dr. Mody examined the claimant and prescribed six weeks of physical therapy. Johnson Controls paid for this treatment. After participating in physical therapy, claimant again saw Dr. Mody in June 2010, with a complaint of continuing back pain. After an examination, Dr. Mody returned claimant to sedentary work, 1 ;.with restrictions on lifting, bending and standing. Dr. Mody also recommended epidural steroid injections to relieve the pain, but the employer did not approve payment. In October 2010, claimant was examined by another orthopedist, Dr. P. Britain Auer, who noted claimant’s history of a heavy lifting event at work followed by increasing back and leg pain. Dr. Auer diagnosed claimant with “disc degeneration, herniated” at L4-L5 and continued the light duty restrictions. Dr. Auer recommended additional physical therapy and epidural steroid injections.
At all pertinent times, Johnson Controls paid wages to the claimant and accommodated his work restrictions. However, the employer did not approve payment for the proposed epidural steroid injections and second round of physical therapy. The claimant filed a disputed claim for compensation seeking additional medical treatment for his back, penalties and attorney fees. Claimant listed Johnson Controls as the employer and Underwriters Safety & Claims (“Underwriters”) as the claims administrator. Johnson Controls filed a claim alleging that claimant had forfeited his workers’ compensation benefits based on his false statements about his physical condition. Claimant later dismissed his claims against Underwriters.
At trial, the parties admitted into evidence the claimant’s medical records and the WCJ heard testimony from the claimant, his work supervisor, the Human Relations manager at Johnson Controls and an investigator hired by the employer to provide surveillance of claimant and report on his activities. In his written reasons for judgment, the WCJ found [ 3that claimant’s testimony regarding his inability to perform tasks at work was not credible, given the surveillance video showing him lifting an object that exceeded the 10-pound weight restriction and his failure to disclose at his deposition that he planned to drive to Houston to help his sister move. The WCJ also found that forfeiture was not necessary because the claimant’s false statement was inconsequential. The WCJ rendered judgment denying the claims of the claimant for further medical treatment. The claimant filed a motion for new trial, which was denied. This appeal followed.
DISCUSSION
The claimant contends the WCJ erred in denying his claim for additional medical treatment. Claimant argues that the trial testimony did not support the WCJ’s finding that he was not credible in describing his physical limitations when the medical evidence provided a basis for his complaints of pain.
An employer is obligated to furnish all necessary medical expenses related to a work injury. LSA-R.S. 23:1203. A claimant may recover medical expenses that are reasonably necessary for the treatment of a medical condition caused by a work-related accident. City of Shreveport v. Casciola, 43,132 (La.App.2d Cir.3/26/08), 980 So.2d 203. The claimant must prove by a reasonable preponderance of evidence the necessity and relationship of the physician’s treatment to the work injury. Casciola, supra. Whether the claimant has carried his burden of proof and whether testimony is credible are questions of fact *420 to be determined by the WCJ. Factual findings in workers’ compensation cases are subject to the manifest error standard of appellate review. Koenig v. Christus Schumpert Health System, 44,244 (La.App.2d Cir.5/13/09), 12 So.3d 1037; Casciola, supra.
In the present case, Dr. Mody’s notes of April 29, 2010, state that claimant’s lumbar MRI showed a herniated disc at L4-L5, with severe left neuroforaminal stenosis. Claimant stated that his pain level on a daily basis was a five on a scale of ten. Dr. Mody prescribed physical therapy and released claimant to sedentary work with a maximum of ten pounds lifting and no twisting or bending, no climbing stairs and no prolonged walking or standing. On June 24, 2010, claimant returned to Dr. Mody complaining of continued back pain and stating that his pain level had increased to eight of ten. Dr. Mody suggested epidural steroid injections to treat the pain and continued claimant on sedentary work with the same restrictions. On October 4, 2010, claimant saw Dr. Auer with complaints of back and left leg pain. Dr. Auer noted that claimant’s x-ray showed “moderate L4/5 disc degeneration” and that the MRI report found a herniated disc at the same level. Pending his own review of the MRI images, which he did not have at the time, Dr. Auer recommended epidural steroid injections and additional physical therapy while continuing claimant on sedentary duty.
At trial, Cletus Ross testified that he was the manager of the maintenance department at Johnson Controls and claimant’s supervisor. Ross stated that he was aware of claimant’s work accident and the restrictions on his activities. Ross testified that claimant said he could not continue to help with a parts inventory because many parts were located on |5the second floor and he was restricted from climbing stairs. Ross stated that he also asked claimant to help with organizing two large paint cabinets, but claimant said he could not because he would not be able to squat down and reach into the bottom shelf to remove the paint cans. Ross testified that in September 2010, he had observed claimant in the company parking lot doing something under the hood of his truck for approximately ten minutes, even though he had said he could not lift things over his head. Ross stated that at the time of trial, the claimant’s only task at work had been to complete an online training course. Ross testified that although two other workers had completed the course in six hours, claimant had not yet finished despite spending two 40-hour work weeks on the task. He stated that claimant had said his delay was due to an inability to sit for long periods of time.
Felicia Douglas, the employer’s human resources manager, testified that she tried to find suitable work for claimant within his physical restrictions. Douglas stated that she asked claimant to assist with taking inventory of chemicals and checking that there was a Material Safety Data Sheet (MSDS) contained in a binder for each chemical. Douglas testified that claimant first said that the MSDS binder was too heavy and exceeded his lifting restriction. Douglas stated that she then carried the binder to the work area for claimant, but that after doing the task for one day, he said he was unable to continue because the fumes in the maintenance area aggravated his allergies. Douglas testified that she also had observed claimant in the parking lot under the hood of his truck, bending over like he [fiwas working on the engine for approximately 15 minutes without any apparent difficulty.
Jeanette Sciara, a private investigator hired by Johnson Controls, testified that while conducting video surveillance of *421 claimant on August 16, 2010, she observed him drive a rented van from Shreveport to Houston with only one stop during the four-hour drive. Sciara stated that the next day she followed claimant to a store and after he exited, he placed a box containing a mini-refrigerator into the van. Sciara testified that the claimant then drove back to Shreveport without making any stops.
Claimant testified that after his work injury he saw Dr. Goel, who diagnosed him with back strain and released him to sedentary duty. Claimant stated that he continued to feel back pain and was referred to Dr. Mody, who noted that claimant’s MRI showed a herniated disc at the L4-5 level and prescribed physical therapy. Claimant testified that his back started to improve by the end of physical therapy, but he still felt pain when he visited Dr. Mody again in June 2010. Claimant stated that Dr. Mody recommended epidural steroid injections and returned him to sedentary duty, as did Dr. Auer, who also suggested additional physical therapy.
Claimant testified that he understood his physical restrictions as no prolonged standing, climbing or bending and lifting no more than ten pounds. Claimant stated that most recently at work, he had been doing safety training on the computer for two weeks with instructions to take breaks as often as needed. Regarding other tasks at work, he stated that he had helped with inventory, but had not gone up to the second floor because |7he was restricted from climbing stairs. Claimant testified that prolonged sitting was a problem for him and that he had tried to follow the ten-pound lifting restriction when not working. Claimant acknowledged that he had driven to Houston and that the mini-refrigerator shown on the surveillance video weighed more than ten pounds. However, claimant asserted that he had not lifted the refrigerator, but pushed it onto the seat of the van from the shopping cart. Claimant testified that he was physically able to squat or bend and reach over his head, but not for a prolonged period of time and not without pain. He agreed that his activities shown on the video had occurred within 24 hours after his deposition on August 16, 2010. Claimant stated that his deposition responses that he planned to do “very little” and relax the next day were not false because that is what he did. Claimant maintained that he had been truthful with the doctors about his injury and had not exaggerated his pain symptoms and physical limitations.
In his reasons for judgment, the WCJ noted claimant’s testimony that on some days his pain level was eight on a scale of ten and that he was unable to perform most of the light duty tasks he was assigned because of his physical restrictions. However, the WCJ pointed out that although claimant had refused to inventory paint cans because he could not squat to look into the bottom shelf of the paint cabinet and had objected to carrying a binder because he thought it was too heavy, the surveillance video showed the claimant walking, bending, squatting and lifting a mini-refrigerator that weighed more than ten pounds without any apparent difficulty. In assessing the claimant’s credibility, the WCJ also considered claimant’s failure to Rdisclose at his deposition that he planned to drive to Houston later that day and his ability the next day to drive four hours back to Shreveport without stopping, contrary to his asserted inability to sit for prolonged periods.
Based upon the evidence presented of claimant’s lack of candor and his physical activities outside of work, the record supports the WCJ’s finding that claimant was not credible in testifying that his pain symptoms and physical limitations pre *422 vented him from performing the tasks assigned by his employer. Consequently, we cannot say the WCJ erred in concluding that claimant failed to satisfy his burden of proving that additional medical treatment was necessary as a result of the work injury. Thus, the assignment of error lacks merit.

Motion for New Trial

The claimant contends the WCJ erred in denying his motion for new trial. Claimant argues that he is entitled to a new trial because the medical evidence contradicted the WCJ’s determination that he lacked credibility.
A new trial shall be granted upon contradictory motion of any party when the judgment appears clearly contrary to the law and the evidence or when the party has discovered new evidence which he could not have obtained before or during trial. LSA-C.C.P. art. 1972. A new trial may be granted if there is good ground therefor. LSA-C.C.P. art. 1973. The denial of a motion for new trial is considered under the abuse of discretion standard of appellate review. Jones v. LSU/EA Conway Medical Center, 45,410 (La.App.2d Cir.8/11/10), 46 So.3d 205.
At the hearing on the motion for new trial, claimant argued that the RWCJ’s decision was not based on all of the relevant information because the medical records showing his herniated disc were omitted from evidence at trial. However, contrary to claimant’s argument, we note that the records of Drs. Mody and Auer that were admitted into evidence specifically refer to the MRI report of claimant’s herniated disc at the L4-5 level. Additionally, claimant testified that he was diagnosed with a herniated disc and the WCJ referred to this herniation in his reasons for judgment. At the hearing on the motion, the WCJ reviewed the trial evidence and the reasons for judgment. After reviewing the record, we cannot say the WCJ abused his discretion in denying a new trial based on a finding that the judgment was supported by the evidence submitted at trial. Thus, the assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. Costs of this appeal are assessed to the appellant, Alvin Carthon.
AFFIRMED.