WILLIAMS, J.
| j Plaintiff, Ruthie Robinson, appeals a district court’s ruling sustaining peremptory exceptions of prescription filed by defendants, Dr. Michael Banda and Dr. Paul Cole, and denying plaintiffs motion for new trial. For the following reasons, we affirm.
*671 FACTS
On August 23, 2009, the decedent, Eddie Robinson, presented to the emergency room at Willis Knighton-Bossier Health Care System (“Willis Knighton”) complaining of abdominal pain and vomiting. The decedent was diagnosed with a small bowel obstruction secondary to an incarcerated hernia, and was admitted to the hospital under the care of Dr. Erick Salvatierra. That same day, defendant, Dr. Michael Banda, performed surgery to repair the hernia and to correct the bowel obstruction. Following the surgery, defendant, Dr. Paul Cole, a cardiologist, was consulted to care for the decedent due to a history of “cardiac problems.”
Plaintiff, Ruthie Robinson (the decedent’s sister), alleged that she visited the decedent in the hospital on August 24, 2009. During plaintiffs visit, hospital personnel assisted the decedent from the bed to the chair. According to plaintiff, the decedent was experiencing weakness and shortness of breath prior to being assisted to the chair; however, at least one member of the hospital’s staff insisted that the decedent get out of bed. Soon thereafter, the decedent stopped breathing and attempts to resuscitate him were unsuccessful. The autopsy revealed that the decedent’s death was caused by a pulmonary embolus.
On August 20, 2010, plaintiff filed a request for a medical review | ^panel with the Patient’s Compensation Fund (“PCF”). The request was filed in proper person and named Willis Knighton, Dr. Salvatierra, Dr. Banda and Dr. Cole as defendants. The complaint was mailed to the PCF via certified mail and was received by the PCF on August 27, 2010.
Subsequently, on September 3, 2010, plaintiff filed a request for a medical review panel with the Division of Administration. The complaint was acknowledged as received by the Division of Administration on September 7, 2010.
On November 17, 2010, Willis Knighton and Dr. Salvatierra filed an exception of prescription. They argued that plaintiffs medical malpractice claim had prescribed because the claim was not submitted to the Division of Administration until September 3, 2010, more than one year after the alleged act(s) of malpractice. A hearing was held, at which plaintiff did not appear. In plaintiffs absence, the district court sustained the exception of prescription and dismissed with prejudice “all claims asserted by the plaintiff in the matter entitled ‘Eddie Robinson (D) et al. vs. Willis Knigh-ton!,]’ bearing Louisiana Patient’s Compensation Number 2010-00993[.]”
On June 8, 2011, Dr. Banda filed an exception of prescription. Subsequently, Dr. Cole filed an exception of prescription on June 22, 2011. A hearing was held on July 18, 2011, and again, plaintiff did not appear at the hearing. The district court sustained the exceptions.
On July 20, 2011, plaintiff filed, in proper person, a “Motion for Another Trial Date.” Plaintiff argued that she failed to appear at the hearing Ron the exceptions of prescription filed by Dr. Banda and Dr. Cole because she “went to the wrong court room as directed by a court house authority.” A hearing was scheduled for September 12, 2011. However, defendants were not provided with notice of the hearing on plaintiffs motion; therefore, defendants did not appear. The hearing was rescheduled for November 7, 2011. Following the hearing, the district court denied plaintiffs motion for new trial, concluding that the claims had prescribed. The court stated:
[T]he letter mailed to the division of administration ... was received, return receipt requested, green card returned, showing Ms. Latoya Bell from the divi *672 sion of administration received that. That is the proper entity for you to file your claim, which would interrupt prescription. The only problem is you didn’t mail it until September 3rd. That’s why the filing date is September 3rd. The receipt from the post office where you paid for it to be mailed by certified mail is dated September 3rd, with expected delivery of September 7th, which shows that Ms. Bell received it on September 7th.
[[Image here]]
You did not file it with the proper administrative body within the one year of the alleged malpractice of August 23rd. As a result of that, I am going to deny your motion for new trial and uphold the previous order granting the defendants’ request on the dismissing [sic] the case based on prescription[.]
Plaintiff appeals.
DISCUSSION
Plaintiff contends the district court erred in denying her motion for new trial. She argues that the court’s conclusion that she failed to file the medical malpractice claim within one year of the alleged act(s) of malpractice is erroneous. According to plaintiff, the court based its ruling on the date the request for a medical review panel was received by the | ^Division of Administration, rather than the date the request was mailed.
A new trial shall be granted upon contradictory motion of any party when the judgment appears clearly contrary to the law and the evidence or when the party has discovered new evidence which he could not have obtained before or during trial. LSA-C.C.P. art. 1972. A new trial may be granted if there is good ground therefor. LSA-C.C.P. art. 1973. The denial of a motion for new trial is considered under the abuse of discretion standard of appellate review. Carthon v. Johnson Controls, Inc., 47,037 (La.App.2d Cir.4/11/12), 92 So.3d 417, writ denied, 2012-1076 (La.9/12/12), 98 So.3d 311; Jones v. LSU/EA Conway Medical Center, 45,410 (La.App.2d Cir.8/11/10), 46 So.3d 205.
The prescriptive period for medical malpractice is found in LSA-R.S. 9:5628. That statute provides that an action for damages against a physician or a hospital based upon tort and/or arising out of patient care must be filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect.
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. However, when the plaintiffs petition shows on its face that the prescriptive period has expired, the burden shifts to the plaintiff to allege and prove facts indicating that the injury and its causal relationship to the alleged misconduct were not apparent or discoverable until within one year before the action was filed. Thomas v. Crawford, 42,386 (La.App.2d Cir.9/26/07), 966 So.2d 786; Cruse v. LSU Medical Center, 34,-779 (La.App.2d Cir.6/20/01), 792 So.2d 798. An appellate court may not set aside a trial court’s finding of fact unless it is clearly wrong. Stobart v. State, 617 So.2d 880 (La.1993).
LSA-R.S. 40:1299.47 provides, in pertinent part:
A. (l)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel[.]
[[Image here]]
*673 (2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted!.] Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running ofprescription^ ]
(b) The request for review of a malpractice claim under this Section shall be deemed filed on the date of receipt of the request stamped and certified by the division of administration or on the date of mailing of the request if mailed to the division of administration by certified or registered mail[.]
[[Image here]]
(Emphasis added).
In the instant case, the record reveals that plaintiff filed a request for a medical review panel on August 20, 2010. The certified mail receipt from the United States Postal Service shows that the request was addressed and mailed to “Patients’ Compensation Fund[,] P.O. Box 3718, Baton Rouge, LA 70821” on August 20, 2010, as evidenced by the United States Postal Service postal stamp. The request was stamped received by the PCF on August 27, 2010.[1]
|fiThe record also contains a copy of a certified mail return receipt which was addressed to “Division of Administration!,] Medical Review Panel!,] Claiborne Building!,] 1201 N. Third St. 7th Floor S. 230[,] Baton Rouge, LA 70804-4336.” The card addressed to the Division of Administration does not indicate the date the request was mailed. However, a United States Postal Service certified mail receipt, on which the sendee’s name was omitted, indicates that an item was mailed on September 3, 2010. The return receipt card, which was addressed to the Division of Administration, shows that the item was delivered on September 7, 2010. Additionally, the record indicates that plaintiffs request for a medical review panel was filed, via facsimile transmission, with the Division of Administration on September 3, 2010, at “12:10.” The document was faxed from the Bossier Parish Library and bears the stamp “Division of Administration Commissioner’s Office 2010 SEP — 3 PM 1:38.”
It is undisputed that the alleged acts of medical malpractice occurred and were made known to plaintiff no later than August 24, 2009, the date of the decedent’s death. Thus, any action for medical malpractice must have been filed within one year of that date. See, LSA-R.S. 9:5628. The claim was filed with the PCF on August 20, 2010. However, the Division of Administration is the proper entity in which to file a request for a medical review panel. Therefore, the original claim of malpractice was not filed with the proper entity within one year of the alleged act(s) or malpractice. ^Consequently, the filing of the claim with the PCF was rendered invalid and without effect and did not suspend the running of prescription. LSA-R.S. 40:1299.47(A)(2)(a). Plaintiff did not mail her complaint to the Division of Administration until September 3, 2010, and the complaint was received by the Administration on September 7, 2010. Accordingly, we find that the trial court did not err in sustaining defendants’ exceptions of prescription and in denying plaintiffs motion for new trial.
*674 CONCLUSION
For the reasons set forth herein, the district court’s ruling sustaining the peremptory exceptions of prescription filed by defendants, Dr. Michael Banda and Dr. Paul Cole is hereby affirmed. The court’s ruling denying plaintiffs motion for new trial is also affirmed. Costs of this appeal are assessed to plaintiff, Ruthie Robinson.
AFFIRMED.

. On September 9, 2010, the PCF acknowledged the official receipt of the August 20, 2010 request for a medical review panel and notified plaintiff of the required filing fee to continue with the proceedings. Plaintiff's filing fee in the amount of $400 was received by the PCF on September 20, 2010.