WILLIAMS, J.
hln this personal injury case, plaintiffs appeal the trial court’s judgment, dismissing their lawsuit, awarding the defendants $1,500 in attorney fees and denying their motion for a new trial. For the following reasons, we affirm.
FACTS
The plaintiffs, Marion Alcorn, Felton Wade, Keith Nichols, Lachaze Smith, Cedric Morgan, Montrell Palmer, Courtney Haskin, Chris McClinton, Patrick Burks, Cornelius Kelly and Albert Vitorian, are former inmates at the Richwood Correctional Center (“RCC”). On April 25, 2012, the plaintiffs were being transported to the area of their work assignment in a van which was being driven by the defendant, Cary Duncan, a RCC employee. The plaintiffs alleged that Duncan performed an improper lane change and struck another vehicle. The plaintiffs also alleged that they sustained injuries in the motor vehicle accident and were treated for their injuries at E.A. Conway Medical Center in Monroe.
On April 9, 2013, the plaintiffs filed a lawsuit against Duncan, RCC, Lasalle *1016 Management Company[1] and National Pire Insurance Company. In the petition, the plaintiffs asserted various allegations, including the following: they sustained injuries in the motor vehicle accident; they were treated in the emergency room for their injuries; the warden and other RCC employees failed to provide them with proper followup treatment after the accident; when they complained about their condition, they were “punished by being place[d] in solitary confinement;” and they were forced to work | adespite their complaints of pain from their injuries.
After filing the petition, the plaintiffs requested that service be made on all defendants, including Duncan. The plaintiffs requested personal service on Duncan at his place of employment.' However, the sheriff was unable to immediately effect service upon Duncan because, by the time the lawsuit was filed, Duncan was no longer employed at RCC.[2]
In response to the petition, Duncan filed a declinatory exception of insufficiency of service of process. Following a hearing, the district court denied the exception and ordered the plaintiffs “to personally serve CARY DUNCAN within 30 days of the signing of [the] judgment.”[3] The judgment also provided:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if plaintiffs fail to timely serve CARY DUNCAN in accordance with this Judgment, and upon motion of CARY DUNCAN, the court may issue Judgment accordingly, including[,] but not limited to[,] dismissal of the suit against CARY DUNCAN.
On October 11, 2013, Duncan filed a second declinatory exception of insufficiency of citation and service of process, requesting that the claims against him be dismissed. Subsequently, the trial court sustained the exception and dismissed the plaintiffs’ claims against Duncan.
| ^Additionally, in May 2013, the defendants propounded upon thé plaintiffs requests for discovery, including interrogatories and requests for production of documents. After receiving no response from the plaintiffs, the defendants filed a motion to compel on August 13, 2013. A hearing on the motion to compel was held on October 30, 2013, at which counsel for the plaintiffs did not appear. Thereafter, the trial court granted the defendants’ motion ■ to compel and ordered the plaintiffs to respond to the discovery requests within 45 days from the date of the signing of the judgment.[4] The judgment also stated the following:
[S]hould plaintiffs fail to answer the discovery within said time period, defendants may be awarded attorney’s fees and court costs, which are being deferred to the hearing on defendants’ Exception of Lack of Service which is set for January 6, 2014[,] and plaintiffs’ failure to answer discovery within the time allotted by this Judgment may result in possible dismissal of this lawsuit.
On January 6, 2014, a pretrial status conference was held in the judge’s cham *1017 ber.[5] On February 21, 2014, the following minute entry was placed in the record:
[[Image here]]
At the request of the parties, the Court deferred ruling on these matters for thirty (30) days-to facilitate settlement. If no settlement is reached, the matter is fully submittéd and under advisement as of February 5,2014.
Both parties note in their briefs that a possible settlement was discussed during the status conference. However, counsel for the plaintiffs |4did not make a settlement demand after he had informed the trial court that he would do so. Thereafter, counsel for the defendants wrote a letter, dated February 17, 2014, to the trial judge. In the letter, counsel noted the following: the plaintiffs’ attorney had not provided a settlement demand to the ’defendants; only one plaintiff had been deposed since the January hearing; the depositions of five of the plaintiffs had not been scheduled; and only one of the plaintiffs had completed and signed a- medical authorization form. Counsel for the defen-, dants then asked for “a ruling on our request for dismissal, costs and attorney’s fees for plaintiffs’ failure to timely respond to discovery and for the current insuffi-ciencies of same[.]”[6]
On' June 3, 2014, the trial court dismissed the plaintiffs’ lawsuit with prejudice. In its reasons for judgment, the court stated:
The provisions of Code of Civil Procedure Article 932 provide that, if a party fails to comply with an order requiring that party to cure the declinatory exception, the claim or demand at issue shall be dismissed.- Such is the case with respect to the plaintiffs’ noncompliance with the provisions and mandate of the judgment of September 3, 2013. Four months elapsed following signing of the judgment in question before the successful attempt at service made January 8, 2014. This lapse of time is in direct contravention of the Court’s directive in the September 3, 2013 judgment that defendant, Cary Duncan, be personally served within 30 days :of the signing of that judgment. The plaintiffs presented no evidence at the hearing of January 6, 2014 setting forth any attempts at service upon defendant, ■ Cary Duncan, in the four months intervening between the signing of the judgment in question and the successful attempt at service on defendant, Cary Duncan.
Further, the Record reflects no review of any kind sought |Hby the plaintiffs from the ruling of the Honorable Benjamin Jones on August 13, 2013, memorialized in the judgment of September 3, 2013. Hence, this ruling became final and must .be considered the law of the case with respect to this proceeding. That order specifically allows for the sanction of dismissal upon failure by the plaintiffs to personally serve the defendant in question within 30 days.
[[Image here]]
[T]he mandate and directive of the Court is clear. The plaintiffs were af- ’ forded a delay of 45 days from the signing of the judgment to answer all discovery propounded and, failing to do so, *1018 both attorneys fees and costs are authorized, along with the dismissal of this lawsuit.
[[Image here]]
[T]he motion to compel was previously granted by Judge Jones on October 30, 2013 with no resulting review sought by the plaintiffs thereby becoming the law of the case with respect to this proceeding. The lack of progress by the plaintiffs is in direct contravention of the directive and mandate of the judgment that all discovery be answered within 45 days of the signing of the judgment.
* * *
The trial court awarded the defendants $1,500 in attorney’s fees “for work performed in connection with the motion to compel” and taxed the plaintiffs with “all costs associated with the motion to compel.”
Subsequently, the plaintiffs filed a motion for new trial, alleging the following: (1) the dismissal of the lawsuit was drastic and unwarranted; (2) the dismissal with prejudice was contrary to the law and evidence; (3) the enforcement of the judgment of dismissal was “inequitable and unconscionable;” and (4) good cause exists to grant a new trial. The trial court denied the plaintiffs’ motion for new trial.
The plaintiffs now appeal.
J^DISCUSSION
The plaintiffs contend the trial court erred in denying their motion for new trial. The plaintiffs argue that the trial court’s judgment was clearly contrary to the law and the evidence presented in this case.
A new trial on all or part of the issues, or for reargument only, may be granted upon contradictory motion of any party or the court on its own motion. LSA-C.C.P. art. 1971. The grant of a new trial is mandatory when (1) the verdict or judgment appears contrary to the law and evidence, (2) when a party has discovered new evidence important to the cause which he could not have obtained prior to or during trial, or (3) when the jury has been bribed or behaved improperly so that impartial justice has not been done. LSA-C.C.P. art. 1973. Additionally, a new trial may be granted if in the court’s discretion there are good grounds therefor. LSA-C.C.P. art. 1974.
The jurisprudence with regard to the denial of a motion for new trial provides as follows:
The standard of appellate review of a denial of a motion for new trial, whether on peremptory or discretionary grounds, is the “abuse of discretion” standard. Jones v. LSU/EA Conway Medical Center, 45,410 (La.App.2d Cir.8/11/10), 46 So.3d 205, citing Drapcho v. Drapcho, 2005-0003 (La.App. 1st Cir.2/10/06), 928 So.2d 559, writ denied, 2006-0580 (La.5/5/06), 927 So.2d 324. Generally, an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. The word “arbitrary” implies a disregard of evidence or of the proper weight thereof. A conclusion is “capricious” when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Jones, supra, citing Burst v. Bd. of Com’rs, Port of New Orleans, 93-2069 (La.App. 1st Cir. 10/7/94) 646 So.2d 955. Although a reviewing court |7defers to reasonable decisions within the trial court’s discretion, a decision upon an erroneous interpretation or application of the law, rather than a valid exercise of discretion, is not entitled to such deference. Jones, supra.

*1019
Dismissal of Defendant, Duncan

The plaintiffs contend the trial court erred in granting the defendants’ exception of insufficiency of service of process and dismissing Duncan from the lawsuit. The plaintiffs argue that the record shows that they made a timely request that Duncan be served with process; however, their “due diligent efforts to effectuate service were thwarted or otherwise impeded.”
LSA-C.C.P. art. 932 provides, in pertinent part:
A. When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court[.]
B. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed!!.]
On September 3, 2013, the trial court signed a judgment, ordering the plaintiffs to “personally serve CARY DUNCAN within thirty days of the signing of [the] judgment.” Further, the court warned the plaintiffs that failure to serve Duncan within the 30 days allotted could result in the “dismissal of the suit against CARY DUNCAN.” It is undisputed that Duncan was served with process four months after the judgment was signed. Thus, the plaintiffs failed to comply with the court’s order that they remove the grounds of the objection pleaded in the declinatory exception of insufficiency of service of process within the time-frame ordered by the trial 18court. Pursuant to LSA-C.C.P. art. 932, when “the plaintiff fails to comply with an order requiring such removal, the action ... shall be dismissed.” Accordingly, we find no error in the trial court’s judgment which dismissed defendant, Cary Duncan, from this lawsuit. Consequently, we find no abuse of the trial court’s discretion in denying the plaintiffs’ motion for a new trial.

Order Compelling Responses To Discovery

The plaintiffs also contend the judgment ordering them to respond to discovery was “the first and only judgment” ordering them to do so. Therefore, according to the plaintiffs, the failure to comply with the court’s order was not so severe as to warrant a dismissal with prejudice. The plaintiffs argue that the dismissal of their lawsuit is drastic under the facts of this case because they disobeyed only one court order. The plaintiffs seemingly argue, in the alternative, that they complied with the court’s order compelling them to respond to requests for discovery, and they did so within the time-frame ordered by the court.
LSA-C.C.P. art. 1471 provides, in pertinent part:
A. If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others any of the following:
[[Image here]]
(3)An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
[[Image here]]
C.In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey *1020 the order or the attorney advising him or both to pay the | ¿reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
The trial court has much discretion in selecting appropriate sanctions for the failure to comply with discovery orders, and the judgment granting a sanction will not be disturbed on appeal absent a clear showing of abuse of discretion. Hatfield v. Hatfield, 49,493 (La.App.2d Cir.11/19/14), 155 So.3d 70, writ denied, 2014-2680 (La.3/27/15), 162 So.3d 384; L & M Hair Products, Inc. v. State, Dep’t of Transp. and Dev., 29,998 (La.App.2d Cir.12/10/97), 704 So.2d 415. There is a distinction between the sanctions available for failure, to comply with discovery and the sanctions available for disobedience of court-ordered discovery. Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199; MTU of North America, Inc. v. Raven Marine, Inc., 475 So.2d 1063 (La.1985). Refusal to comply with court-ordered discovery is a serious matter, and trial judges must' have severe sanctions available to deter litigants from flouting discovery orders. Horton, supra; Jones, supra.
In the instant case, the defendants filed their first motion to compel answers to discovery on August 13, 2013. A hearing on the motion was held on October 30, 2013; the plaintiffs’ counsel did not appear at the hearing. During the hearing, counsel for the defendants stated:
[T]he petition was filed in April of this year arising out of a motor vehicle accident that happened in April of 2012 and we’re just trying to move the case along, Your Honor. We’ve issued discovery back in May. We still haven’t gotten responses. We just need to start getting sohie information on these plaintiffs so we can figure out |inwhat they’re wanting. I mean even if not to set it for trial at least we can try to resolve it. We’re just, you know,.trying to get some information, find out exactly what these plaintiffs’ damages are.
As stated above, the trial court ordered the plaintiffs to respond to discovery within 45 days from the date of the signing of the judgment. The judgment, specifically stated, “[PJlaintiffs’ failure to answer discovery within the time allotted by this Judgment may result in possible dismissal of this lawsuit.”
After reviewing this record in its entirety, we find that the trial court'did not abuse its discretion in dismissing this matter and in denying the plaintiffs’ motion for a new trial on this ground. The provisions of Article 1471 of the Louisiana Code of 'Civil Procedure are clear: a court may' dismiss an action if a party fails to obey an order to provide discovery. Contrary to the plaintiffs’ argument, there is no provision in the Code to indicate that a matter can be dismissed only if a party repeatedly fails to comply with the court’s order. LSA-C.C.P. art. 1471 specifically provides that a court may dismiss an action “[i]f a party ... fails to obey an order to provide or permit discovery[.]” This assignment of error lacks merit.
CONCLUSION
For the reasons set forth herein, the judgment of the trial coux-t is hereby affirmed. Costs of this appeal are assessed to the plaintiffs, Marion Alcorn, Felton Wade, Keith Nichols, Lachaze Smith, CeT dric Morgan, Montrell Palmer, Courtney Haskin, Chris McClinton, Patrick Burks, Cornelius Kelly and Albei't Vitorian.
AFFIRMED.

. Lasalle Management Company operates and manages RCC.

. The plaintiffs assert that attempted service on Duncan was delayed because, initially, the Ouachita Parish Sheriff's Department had erroneously attempted to serve Duncan as an inmate, rather than an employee.

. The judgment was signed September 3, 2013. Duncan was not served until January 8,2014. '

. The-judgment was signed on November 25, 2013.

. By this time, the original judge assigned to this matter, Judge Benjamin Jones, had rotated to the criminal docket. Therefore, the matter was assigned to Judge J. Wilson Rambo. After January 1, 2014, all matters in this case were heard by Judge Rambo.

. In the letter, the defendants' counsel indicated that a copy was sent to the plaintiffs’ counsel via U.S. mail and fascimile. However, the plaintiffs’ counsel contends he did not receive a copy of the letter.