WILLIAMS, C.J.
The plaintiff, Misty Price, on behalf of her minor daughter, Tamia Price, appeals a district court judgment granting partial summary judgment and a motion to dismiss filed by the defendant, the Louisiana Patient's Compensation Fund. The plaintiff also appeals the trial court's denial of her motion for a new trial. For the following reasons, we affirm.
FACTS
On September 5, 2009, three-year-old Tamia Price was experiencing nausea, vomiting and abdominal pain. Her mother, Misty Price ("the plaintiff"), took Tamia to *454 the emergency room at Minden Medical Center ("MMC"). When they arrived, Tamia was examined by Dr. Michael Ulich, who noted that her abdomen was not tender and laboratory tests were within normal range. Dr. Ulich diagnosed Tamia with gastritis and discharged her with a prescription for Phenergan.
Tamia's condition did not improve; the plaintiff took her back to MMC on September 8, 2009. Tamia was experiencing abdominal pain, nausea, vomiting, and she had a fever of 101 degrees. Tamia was again examined by Dr. Ulich, who noted that she had "slight abdominal distension." She was admitted to the hospital with a diagnosis of dehydration and abdominal pain. She underwent a CT scan of her abdomen, which indicated that she had "questionable right appendicitis."
The following day, Tamia's temperature rose to 103 degrees, and her heart rate and respiratory rate were markedly elevated. Dr. Iram Zando examined Tamia and noted that she had rebound tenderness of the abdomen. Tamia was transferred to Sutton Children's Hospital at Christus Schumpert in Shreveport. After reviewing Tamia's CT scan, the physicians determined that she had a perforated appendix with the presence of gangrene. Tamia underwent emergency surgery to remove her appendix and the resulting infection. Following the surgery, Tamia's condition deteriorated. As a result of complications, Tamia suffered a cerebral vascular accident and left-sided paralysis.
On August 24, 2010, the plaintiff, acting on behalf of Tamia, filed a medical malpractice complaint with the Louisiana Patient's Compensation Fund ("PCF") requesting a Medical Review Panel ("MRP") proceeding pursuant to the Louisiana Medical Malpractice Act. The plaintiff alleged that MMC, its staff and Dr. Ulich breached the applicable standard of care. On June 25, 2012, the MRP rendered a decision opining that "the evidence does not support the conclusion that the defendants, Minden Medical Center and its staff and Dr. Michael Ulich, failed to meet the applicable standard of care as charged in the complaint."[1]
On October 3, 2012, the plaintiff filed a lawsuit against MMC and Dr. Ulich alleging that the defendants failed to provide adequate medical care to Tamia. More specifically, the plaintiff alleged that Dr. Ulich and MMC failed to timely diagnose and treat Tamia's condition, failed to properly administer medical treatment, failed to adequately supervise personnel providing medical services, and failed to provide reasonable medical services under the circumstances. [2]
*455 Dr. Ulich filed a motion for summary judgment; the motion was granted on February 25, 2013, and the plaintiff's claims against Dr. Ulich were dismissed. Thereafter, the plaintiff reached a settlement with MMC for $ 50,000, without MMC admitting fault. On January 6, 2015, the district court signed a judgment of dismissal, dismissing with prejudice all claims against MMC and reserving "all rights for excess damages [the plaintiff] may have in relation to the Louisiana Patients' Compensation Fund." Thereafter, PCF intervened and denied all claims with regard to the plaintiff's alleged entitlement to excess damages.
On July 19, 2017, the plaintiff filed a notice of deposition and subpoena duces tecum seeking to conduct a deposition of Dr. Zando. In response, PCF filed a motion in limine to prohibit the deposition of Dr. Zando, arguing that she was not a party to the lawsuit. Thereafter, the plaintiff filed a motion for declaratory judgment, seeking a judgment "declaring that the sole issues before the Court are those of liability of Plaintiff's right to seek excess damages from the [PCF] stemming from the acts/omissions of Dr. Iram Zando and [MMC]."
On September 22, 2017, PCF filed a motion for summary judgment, arguing that the plaintiff had failed to "identify any expert witness that may testify concerning the standard of care owed by the nursing staff of MMC to Tamia Price during the time period in question." Attached to the motion was the opinion of the MRP and an affidavit executed by the attorney chairman of the MRP.
The plaintiff opposed the motion for summary judgment, attaching unsworn letters/reports from two emergency room physicians, Dr. AnhVu Nguyen and Dr. Kayur Patel. In his report, Dr. Nguyen opined that Dr. Zando breached the applicable standard of care as follows: failed to timely order a surgical consult; failed to timely administer intravenous fluids; and failed to administer antibiotics. Dr. Patel opined that MMC and its staff breached the applicable standard of care by failing to timely diagnose Tamia and by causing a "significant delay in obtaining a specialty consult which led to a further delay in the transfer to the tertiary hospital." Additionally, the plaintiff attached an affidavit from one of her attorneys, Brittany J. McKeel, who attested that she retained Dr. Nguyen and Dr. Patel to testify as expert witnesses. She further attested that she had received the reports from Dr. Nguyen and Dr. Patel, which were based on the medical records and treatment received by Tamia.
A hearing to consider the motion for declaratory judgment, motion in limine, and motion for summary judgment was conducted on October 31, 2017. During the hearing, the plaintiff withdrew the motion for declaratory judgment in open court. At the conclusion of the hearing, the district court granted PCF's motion in limine, in part, allowing the plaintiff to depose Dr. Zando, but ordering that her testimony be limited to that of a fact witness.[3] With *456 regard to the motion for summary judgment, the court heard arguments from counsel for both parties. During the hearing, counsel for the plaintiff offered a 2013 affidavit executed by Dr. Nguyen, which had been filed in opposition to Dr. Ulich's motion for summary judgment. Thereafter, the court placed the matter under advisement and requested that both parties provide the court with case law with regard to the admissibility of an affidavit from an attorney of record.
On November 28, 2017, the court granted partial summary judgment in favor of PCF, stating:
The Court agrees with MMC and PCF that the unsworn reports of Dr. Nguyen and Dr. Patel are not proper summary judgment evidence under La. C.C.P. art. 966, and this defect is not cured by the Affidavit of Brittney McKeel or the Affidavit of Dr. Nguyen filed in opposition to another motion for summary judgment. Although the affidavit of Dr. Nguyen that was previously filed in the suit record and was brought forth by Plaintiff at the hearing is not sufficient to authenticate the report filed by Plaintiff, the Affidavit itself is competent evidence and the Court will consider it as a supplemental affidavit under La. C.C. art. 967.
MMC and PCF clearly provide evidence that Plaintiff lacks factual support for the claim that the nursing staff of MMC failed to meet the applicable standard of care in rendering care to Tamia Price. MMC and PCF submitted the Opinion and Written Reasons of the medical review panel which unanimously found MMC and its staff met the applicable standard of care. The only evidence submitted by Plaintiff to establish the existence of a genuine issue of fact is the 2013 Affidavit of Dr. Nguyen and the Affidavit of Brittany McKeel.
The Affidavit of Brittany McKeel is insufficient to establish the existence of a genuine issue of material fact because she only attest [sic] to the existence of expert reports; Brittany McKeel cannot attest to the authenticity of the reports or the truthfulness and competence of the reports. Additionally, the 2013 Affidavit of Dr. Nguyen is insufficient to establish the existence of a genuine issue of material fact because Dr. Nguyen does not attest to the standard of care provided by the nursing staff at MMC; Dr. Nguyen only attests to the standard rendered by Dr. Zando and Dr. Ulich.
Thereafter, on February 5, 2018, the district court signed the judgment granting partial summary judgment in favor of PCF. The court concluded that "any and all claims based upon, arising from, or related to the provision or lack of provision of nursing care to Tamia Price are hereby dismissed with all prejudice at plaintiff's sole cost."[4]
On April 3, 2018, PCF filed a "motion for dismissal of the entire suit," arguing that the plaintiff's lawsuit should be dismissed because the district court had "previously entered several pretrial orders which disposed of and dismissed several claims and/or theories of recovery or which prohibited certain evidence [from] being *457 offered at the trial of this matter." Specifically, PCF argued that Dr. Ulich had been dismissed from the lawsuit via summary judgment, MMC had settled all claims against it, and the plaintiff's amended petition to add Dr. Zando to the lawsuit had been dismissed. Therefore, according to PCF, the only remaining claims that could be urged by the plaintiff could only arise from the care provided by the nurses at MMC, and those claims had been dismissed by partial summary judgment rendered on November 28, 2017.
In response to the motion to dismiss, on April 12, 2018, the plaintiff filed a motion to compel discovery, arguing that some of the responses to discovery provided by PCF were "incomplete and/or insufficient." PCF responded to the motion, asserting that it had complied with the plaintiff's requests for responses to discovery to the best of its ability. According to PCF, some of the information sought by the plaintiff, i.e. , job titles of personnel and policy and procedure manuals, should have been requested from MMC, rather than from PCF.
On April 13, 2018, the plaintiff filed a motion for a new trial with regard to the motion for summary judgment that had been granted on February 5, 2018. By this time, the plaintiff had obtained sworn affidavits from Dr. Nguyen and Dr. Patel. The affidavits were attached to the motion for new trial. On April 19, 2018, the plaintiff also filed an opposition to PCF's motion to dismiss the lawsuit.
Following a hearing conducted on May 1, 2018, the district court denied the plaintiff's motion for new trial and concluded that the motion to compel was moot. The district court stated:
The new trial motion has been filed, and my understanding is the motion for new trial sets out saying, "Judge, take another look at your decision originally and reverse that." I don't see any new evidence that's come into light for the motion for new trial, and based upon the pleadings in this matter, I'm going to deny the motion for a new trial[.]
* * *
I don't see anywhere in the pleadings or in the judgments that allows any claims against [MMC] to proceed, either in the theory of negligence or in a malpractice [claim]. As I review the judgment that was rendered, when [MMC] got out, they got out, period. It reserved the excess claims against [PCF].
* * *
I think if you're trying to assert that [MMC] did anything wrong, that when I go back to the judgment I just showed you, that January - recorded January 5th of 2015 * * * I think all claims against * * * [MMC] were resolved in that resolution and that dismissal.
* * *
The court also granted PCF's motion to dismiss the lawsuit.
The plaintiff appeals.
DISCUSSION
The plaintiff contends the district court abused its discretion in denying her motion for a new trial. According to the plaintiff, the court granted PCF's motion for summary judgment and sustained the motion in limine with regard to Dr. Zando's testimony on the same day. The plaintiff asserts that summary judgment is inappropriate because she was not afforded a reasonable opportunity to obtain the testimony of Dr. Zando, a "crucial fact witness." The plaintiff also asserts that, at the very least, the district court should have continued the hearing on the motion for summary judgment to allow her to depose Dr. Zando.
*458 A new trial on all or part of the issues, or for reargument only, may be granted upon contradictory motion of any party or the court on its own motion. La. C.C.P. art. 1971. The grant of a new trial is mandatory (1) when the verdict or judgment appears contrary to the law and evidence, (2) when a party has discovered new evidence important to the cause which he could not have obtained prior to or during trial, or (3) when the jury has been bribed or behaved improperly so that impartial justice has not been done. La. C.C.P. art. 1973. Additionally, a new trial may be granted if, in the court's discretion, there are good grounds therefor. La. C.C.P. art. 1974.
The standard of appellate review of a denial of a motion for new trial, whether on peremptory or discretionary grounds, is the "abuse of discretion" standard. Alcorn v. Duncan , 49,964 (La. App. 2 Cir. 8/26/15), 175 So.3d 1014, writ denied , 2015-1929 (La. 11/20/15), 180 So.3d 1288 ; Jones v. LSU/EA Conway Med. Ctr. , 45,410 (La. App. 2 Cir. 8/11/10), 46 So.3d 205. Generally, an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. A conclusion is "capricious" when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Alcorn , supra ; Jones , supra . Although a reviewing court defers to reasonable decisions within the trial court's discretion, a decision based upon an erroneous interpretation or application of the law, rather than a valid exercise of discretion, is not entitled to such deference. Alcorn , supra ; Jones , supra .
As stated above, the plaintiff's argument with regard to the motion for new trial was based upon her assertion that the district court erred in granting summary judgment in favor of PCF.
A summary judgment is reviewed on appeal de novo , with the appellate court using the same criteria that govern the district court's determination of whether summary judgment is appropriate, i.e. , whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau , 2007-1726 (La. 2/26/08), 977 So.2d 880.
At the time this lawsuit was filed, La. C.C.P. art. 966 provided, in pertinent part:
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed.
* * *
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
* * *
B. (2) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
* * *
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
*459 (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
* * *
A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. Hines v. Garrett , 2004-0806 (La. 6/25/04), 876 So.2d 764.
When a motion for summary judgment is made and supported as provided in La. C.C.P. art. 967,[5] an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in La. C.C.P. art. 967, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B) ; Foster v. Patwardhan , 48,575 (La. App. 2 Cir. 1/22/14), 132 So.3d 495, writ denied , 2014-0614 (La. 4/25/14), 138 So.3d 1233. Whether a particular fact in dispute *460 is material can be seen only in light of the substantive law applicable to the case. Richard v. Hall , 2003-1488 (La. 4/23/04), 874 So.2d 131 ; Foster , supra .
In ruling on a motion for summary judgment, the district judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Hines v. Garrett , supra . Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. Willis v. Medders , 2000-2507 (La. 12/8/00), 775 So.2d 1049 (per curiam).
To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794(A). Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. Schultz v. Guoth , 2010-0343 (La. 1/19/11), 57 So.3d 1002 ; Samaha v. Rau , supra ; Marenghiv. Louisiana Med. Mut. Ins. Co. , 46,032 (La. App. 2 Cir. 4/13/11), 62 So.3d 847.
In Pfiffner v. Correa , 94-0924, 94-0992 (La. 10/17/94), 643 So.2d 1228, the Louisiana Supreme Court stated:
The jurisprudence has also recognized that there are situations in which expert testimony is not necessary. Expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay person can infer negligence.
* * *
Though in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under LSA-R.S. 9:2794's requirements without medical experts[.]
Id. at 1233-34 (internal citations omitted).
In the instant case, the plaintiff does not contend the defendants committed an "obviously negligent" act. Rather, the plaintiff contends the evidence presented - (1) Dr. Nguyen's 2013 affidavit (which was in the record in conjunction with a previous motion for summary judgment, but was not attached to the plaintiff's opposition to the 2017 motion for summary judgment) and (2) Dr. Patel's affidavit, which was not submitted in affidavit form until the plaintiff filed the motion for new trial - was sufficient to defeat summary judgment.
Our de novo review of the record reveals that PCF, in support of the motion for summary judgment, introduced into evidence the unanimous opinion of the medical review panel, which concluded that MMC did not fail to meet the applicable standard of care. Therefore, the burden shifted to the plaintiff to show that there existed a genuine issue of material fact.
Other than the unsworn reports of Dr. Nguyen and Dr. Patel and the affidavit of one of the attorneys representing her, the plaintiff did not produce any evidence, expert or otherwise, to oppose the opinion of the medical review panel. At the hearing on the motion for summary judgment, the plaintiff submitted the 2013 prior affidavit *461 executed by Dr. Nguyen. Additionally, months after the district court granted partial summary judgment in favor of PCF, the plaintiff attached the sworn affidavit executed by Dr. Patel in support of her motion for new trial.
In the affidavit executed by Dr. Nguyen, the expert opined that Dr. Zando breached applicable standards of care by failing to obtain a surgical consult while Tamia was being treated in the emergency room, failing to prescribe antibiotics, and by her delay in ordering intravenous fluids. Dr. Nguyen also opined that Dr. Ulich breached the applicable standard of care "by not arranging for Tamia to be seen by a surgeon immediately."
In the affidavit executed by Dr. Patel, the expert opined that MMC "overall practiced below [the] standard of care on various occasions, which lead [sic] to a worsening condition over time[.]" Specifically, Dr. Patel noted the delay in diagnosing Tamia with a perforated appendix and the "significant delay in obtaining a specialty consult which led to a further delay in the transfer to the tertiary hospital." Dr. Patel also mentioned that the radiologist had discussed the results of the CT scan with Dr. Ulich; however, he did not opine that the radiologist had breached a standard of care.
Both retained expert witnesses opined that Dr. Ulich and Dr. Zando breached the applicable standard of care. However, Dr. Zando was never a defendant in this lawsuit, and Dr. Ulich was dismissed from this matter on summary judgment in 2013. The plaintiff has not offered any evidence to establish that any other employee of MMC committed any act that caused or contributed to Tamia's condition. Therefore, we find that the district court did not err in granting partial summary judgment in favor of PCF, in dismissing this lawsuit in its entirety, or in denying the plaintiff's motion for a new trial.
With regard to the plaintiff's contention that she was denied the opportunity to obtain adequate discovery, we note that the instant lawsuit was filed on October 3, 2012, and the trial was set for November 2017. The plaintiff had ample time to conduct discovery, including obtaining the deposition of Dr. Zando (who had moved to Canada by the time the trial was scheduled). Additionally, during the hearing on the motion in limine/motion for summary judgment, the district court expressed its concern that the plaintiff would not have sufficient time to depose Dr. Zando prior to trial (the hearing was on October 31, 2017, and the trial was set for November 27, 2017). The district court indicated that a continuance was likely necessary. However, the plaintiff did not request a continuance.
Further, the plaintiff has failed to demonstrate how the remaining "outstanding" responses to discovery (i.e. , supplements to MMC's policy manual regarding emergency room triage procedure; the job titles of staff that PCF identified as potentially being involved in treating Tamia at MMC; and a response to the plaintiff's request for admission) have rendered her opportunity for discovery "inadequate," in light of the fact that this lawsuit has been pending since October 2012. Moreover, the plaintiff did not complain about PCF's responses to discovery until after the district court had granted partial summary judgment and PCF had filed its motion to dismiss the lawsuit in its entirety. This assignment lacks merit.
CONCLUSION
For the reasons set forth herein, the judgments of the district court granting summary judgment in favor of PCF, granting PCF's motion to dismiss the lawsuit, *462 and denying the plaintiff's motion for a new trial are affirmed. Costs of this appeal are assessed to the plaintiff.
AFFIRMED .

In its "Written Reasons for Conclusion," the panel stated as follows:
1.
As to Minden Medical Center and its staff, the staff of Minden Medical Center carried out all orders appropriately as instructed and there was no evidence of a deviation from the standard of care in regards to their actions. The evaluation of the child occurred within a timely manner. The evaluation was thorough and appropriate. The staff was responsive and attentive to her ongoing condition and made appropriate notifications of any changes.
2.
As to Dr. Michael Ulich, Dr. Ulich responded appropriately and promptly for consultation from the emergency room physician. He examined the patient and reviewed all studies. He appropriately admitted the patient for continued observation. His response to her failure to improve was arranging her immediate transfer to a higher level of care which was timely and appropriate.
The patient's unfortunate result was a known complication of the disease processes and procedures she underwent. In our opinion, this does not represent a deviation from the standard of care.

On March 18, 2013, the plaintiff filed an amended petition, alleging that Dr. Zando breached the applicable standard of care and that MMC was negligent in its supervision of Dr. Zando. MMC filed an exception of prematurity, asserting the claims with regard to Dr. Zando had not been presented to the MRP. The district court granted the exception and the plaintiff's amended petition was dismissed.

The order, signed on November 16, 2017, prohibited and enjoined the plaintiff from the following: presenting any evidence to suggest that Dr. Zando's treatment of Tamia was negligent and/or breached the applicable standard of care; presenting any evidence to suggest that MMC or PCF was liable with regard to Dr. Zando's treatment of Tamia; presenting any evidence to suggest that MMC was negligent in hiring Dr. Zando; seeking to instruct the jury regarding Dr. Zando's treatment; and seeking to instruct the jury with regard to an allocation of fault to MMC regarding Dr. Zando's alleged acts.

Due to the clerk of court's policy regarding the failure to pay court costs, the plaintiff was not served with notice of the judgment until April 30, 2018.

La. C.C.P. art. 967 provides as follows:
A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
B. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
C. If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
D. If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this Article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney fees. Any offending party or attorney may be adjudged guilty of contempt.