| JAMES F. MCKAY III, Judge.
The defendants, Robert Brunet, State Palace Theatre, and Barbecue of New Orleans, appeal the trial court’s granting of the plaintiffs, House of Blues New Orleans Restaurant Corporation’s (House of Blues), motion for summary judgment and denial of the defendants’ motion for a new trial. The defendants also seek review of an order striking their defenses. We affirm.
FACTS AND PROCEDURAL HISTORY
On December 19, 2001, the House of Blues reached an agreement with Robert Brunet, on behalf of Barbecue of New Orleans, Inc. d/b/a the State Palace The-atre to book the State Palace Theatre on May 4, 2002 for Karl Denson’s Tiny Universe show; the booking was confirmed in writing. The House of Blues then contracted with Karl Denson’s agent to sponsor and promote Karl Denson’s Tiny Universe show to be held on May 4, 2002 at the State Palace Theatre.
On January 22, 2002, Robert Brunet contacted the House of Blues and can-celled the booking. On January 25, 2002, Robert Brunet faxed a letter to Karl Den-son’s agent to notify the agent that the May 4, 2002 date that the House of | ¡.Blues booked for Karl Denson’s Tiny Universe show had been cancelled. Being unable to book a comparable size venue, the House of Blues negotiated a settlement with Karl Denson’s agent.
After the aforementioned events took place, Robert Brunet, on behalf of Barbecue of New Orleans, entered into a contract with Karl Denson’s agent to book, sponsor and promote Karl Denson’s Tiny Universe show at the State Palace Theatre on May 4, 2002. Thereafter, the House of Blues filed suit against Robert Brunet, Barbecue of New Orleans, and the State Palace Theatre to recover damages it suffered.
In connection with the lawsuit, the House of Blues propounded discovery on the defendants on August 14, 2002. The defendants failed to respond to discovery. A discovery conference was originally set for September 19, 2002 but due to numerous conflicts and delays was not held until December 19, 2002; counsel for defendants failed to attend this conference. Subsequently, the House of Blues filed a motion to compel and a hearing was set for February 14, 2003. On the morning of the rule, the parties entered into a stipulated order to respond to discovery by March 3, 2003 under the penalty of sanctions. However, the defendants again failed to respond to discovery and on March 11, 2003, the House of Blues obtained an order finding the defendants in contempt of court; the order also awarded monetary sanctions and ordered the defendants to respond to discovery by March 18, 2003 subject to having all of their defenses stricken if they failed to comply |3with the order. The defendants again failed to comply and their defenses were struck.
On October 24, 2003, the House of Blues moved for summary judgment. A hearing was set for December 5, 2003. The trial court entered judgment in favor of the House of Blues. On January 26, 2004, the defendants filed a motion for a new trial, which the trial court denied on March 10, 2004. On May 12, 2004, the defendants filed a motion for suspensive appeal.
DISCUSSION
There are two issues before this Court: whether the trial court properly struck the appellants’ defenses for their repeated failure to comply with orders of the trial court; and whether the evidence supporting the House of Blues’ summary judgment was sufficient and summary judgment was properly granted.
*435 The trial court is vested with much discretion in imposing sanctions for failure to comply with its discovery orders. Whelan v. New Orleans Opera Association/Travelers, 95-2541 (La.App. 4 Cir. 7/31/96), 679 So.2d 176. There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. Refusal to comply with court ordered discovery is a serious matter. Trial judges must have severe sanctions available to deter litigants from flouting discovery orders. Horton v. McCary, 635 So.2d 199 (La.1994).
In the instant case, the defendants failed to respond to discovery on numerous occasions and flagrantly violated the trial court’s discovery orders. | therefore, the trial court deemed it necessary to impose sanctions on the defendants, which included the striking of their defenses. Due to the defendants’ behavior, we find no abuse of discretion in the trial court’s action.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Insurance Co. v. Sunbeam, Corp., 99-2181, 99-2257 (La.2/29/2000), 755 So.2d 226. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. - 966(A)(2).. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, scrutinized equally, show that there is ho genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The Burden of proof remains with the mover. Board of Assessors of the City of New Orleans, 2002-0691 (La.App. 4 Cir. 9/25/02), 829 So.2d 501, 506. However, when a motion for summary judgment is made and supported with affidavits, depositions, and/or answers to interrogatories, the adverse party may not rest merely on the allegations and denials contained in his pleadings. He must provide opposing affidavits or other documentation which show that there are genuine issues of material fact. If he does not produce such documentation, the summary judgment, if appropriate should be rendered against lRhim. Poydras Square Associates v. Suzette’s Artique, Inc., 614 So.2d 131 (La.App. 4 Cir.1993).
In the instant case, the plaintiff filed its properly supported motion for summary judgment on October 24, 2003. The defendants were served with this motion on October 27, 2003. However, they failed to file a timely opposition. A hearing on the motion for summary judgment was set for December 5, 2003. However, the defendants did not appear at the hearing to oppose the motion. Accordingly, the trial court entered summary judgment in favor of the House of Blues. Based on the record before this Court, we agree with the trial court’s granting of summary judgment.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.