MOORE, J.
 

 | ¶Rodney B. Jones appeals the denial of his motion for new trial arising from the dismissal of his medical malpractice action for failure to comply with discovery. We affirm.
 

 
 *208
 
 Facts
 

 Jones, at times pertinent to this action, was an inmate at the Dixon Correctional Center (“DCC”) in Jackson, Louisiana.
 
 [1]
 
 On October 1, 2007, he filed a medical malpractice lawsuit against LSU/E.A. Conway Medical Center, the Louisiana DPSC, Dr. John Doe, an employee of the orthopedic staff at E.A. Conway and Dr. Pam Hearn, the medical director at David Wade Correctional Center (“DWCC”). He subsequently amended his petition to name Dr. George Belchic as the unidentified “Dr. John Doe” in the original petition. Jones alleged that the defendants deliberately failed to provide him with the medical care he needs and incorrectly treated him for injuries to his left elbow. Jones appears
 
 pro se
 
 and
 
 in forma pauperis.
 

 Jones alleged that on March 25, 2006, he hyperextended his elbow and injured it on a cement drain. He believed that he had been deprived of medical treatment because the attending orthopedist did not find anything wrong with his elbow and refused to perform arthroscopic surgery or request an MRI.
 
 [2]
 

 |2Jones initially filed a request for an administrative remedy. This was denied on grounds that Jones had been examined numerous times at DWCC; he had received physical therapy and was still being followed for treatment. Jones requested a review of the ruling by stating that the “numerous ‘examinations’ were an affront to adequate medical care.” He requested a review of the ruling, which was denied on grounds that his claims were without merit.
 

 After Jones’s petition for damages was served on the defendants, LSU/E.A. Conway Medical Center (“LSU/EACMC”) filed a motion on December 8, 2008 to take Jones’s deposition at the DCC at 1:00 p.m. on Thursday, December 11, 2008, in Jackson, La. The motion was granted on the same day (December 8).
 

 Jones showed up for the deposition and protested that he received notice of the deposition only the night before,
 
 ie.,
 
 December 10, 2008, and complained that he was not served with a court order granting the motion to take his deposition. Jones demanded that he be allowed to make a statement. When he was told that he was not there to make statements but to answer questions posed to him, he refused to answer questions.
 

 LSU/EACMC filed a motion to compel deposition on February 17, 2009, and the court signed an order the next day ordering Jones to appear and submit to a discovery deposition under oath “on a date and at a time of which Plaintiff shall be given notice by the Defendants”, under penalty of sanctions for his refusal “up to and including dismissal of his lawsuit.”
 

 |sThe defendants sent two notices of deposition scheduled for May 28, 2009, by letters postmarked March 16 and 17 respectively. The letters were returned unopened with various endorsements and markings that the recipient (Jones) was released or had refused the letters. After learning from prison officials that Jones was still incarcerated at the same address, the defendants filed a motion to dismiss on April 16, 2009. In the motion, the defendants alleged that, pursuant to the Febru
 
 *209
 
 ary 18 order compelling Jones to submit to a deposition, it had sent new notices of deposition by mail, and the notices were returned, unopened, with endorsements that the letters were refused and also the handwritten word, “released.” The motion further alleged that, after further inquiry, the defendants learned that Jones was, in fact, still an inmate at the facility, and that he had refused to accept the mail. They alleged that Jones placed the false endorsement noted above on the notice himself. The defendants requested that the plaintiffs lawsuit be dismissed for refusal to comply with the court’s discovery order compelling his deposition. The defendants attached their exhibits to a supporting memorandum instead of their motion.
 

 The motion to dismiss was set for a contradictory hearing on May 11, 2009, and served on Jones on April 28, 2009. Jones filed nothing in opposition to the motion to dismiss. There is no transcript of the hearing in the record, and the court minute entry reflects that Jones was not present. The record contains a judgment dated May 11, 2009, granting the motion to dismiss with prejudice. There were no written reasons for judgment and the minute entry does not indicate that any oral reasons were given by the court.
 

 _[jF oil owing the dismissal, Jones filed a motion for new trial alleging that the dismissal was contrary to the law and evidence. He attached a “Motion for Issuance of An Order to Appear” dated April 27, 2009, with an unsigned order directing the warden or his designee to transport him to the Ouachita Parish Courthouse on May 11, 2009. Jones argued that he had been present and ready to give his deposition on the previously scheduled dates of February 19 and April 18, 2009, but that the defendants cancelled them. Jones contended that, for reasons unknown, his motion to be transported to the May 11 hearing was not granted or that prison officials refused to comply with it. Jones admitted that he did receive mail from Mr. Verlan-der, defense counsel, on March 11, 2009, as verified by the affidavit of Robertson, and he signed the privileged/certified mail log on that date. However, Jones alleged that the letter he received from Mr. Verlander on March 11, 2009, was not a notice of deposition, and the two letters containing the notices of deposition were not sent until March 16 andl7, 2009, as the postmarked envelopes indicate. Accordingly, Robertson’s affidavit did not show that Jones received the letters containing the notices. Jones submitted a sworn affidavit that he never received those letters and the evidence of the unopened letters was not proof to the contrary.
 

 The motion for new trial was taken up on July 22, 2009, Judge Harrison sitting
 
 pro tempore.
 
 Jones was present this time and called Captain Robertson, the defendants’ affiant in its motion to dismiss, as a witness. Robertson testified that he and another inmate delivered the mail to the inmates, depending on who was working the particular shift. It was | ¡^established that the letters containing notice of the deposition sent on March 16 and 17 were not, in fact, the letter or letters that Jones signed for on March 11, about which Mr. Robertson gave his affidavit. However, Mr. Verlander now argued, contrary to his prior argument in the motion to dismiss, that he was not introducing Robertson’s affidavit and log into evidence to prove that the letters he received that day (March 11) were the March 16 and March 17 letters, but instead to show that Jones routinely received his mail when it was properly addressed. Mr. Verlander contended that the unopened, marked letters of the notices of the deposition were sufficient evidence themselves to show that the letters were received by Mr. Jones and he refused them.
 

 
 *210
 
 The court took the matter under advisement. It subsequently ruled that the prior judgment of dismissal was not contrary to the law and evidence, and there was no grounds for a new trial.
 

 The plaintiff filed a motion for appeal. The appeal was granted pending Jones’s payment of costs of $829.00.
 

 Discussion
 

 A new trial on all or part of the issues, or for reargument only, may be granted upon contradictory motion of any party or the court on its own motion. La. C.C.P. art. 1971. The grant of a new trial is mandatory when (1) the verdict or judgment appears contrary to the law and evidence, (2) when a party has discovered new evidence important to the cause which he could not have obtained prior to or during trial, or (3) when the jury has been bribed or behaved improperly so that impartial justice has not been |f,done. La. C.C.P. art. 1978. Additionally, a new trial may be granted if in the court’s discretion there are good grounds therefor. La. C.C.P. art. 1974.
 

 The standard of appellate review of a denial of a motion for new trial, whether on peremptory or discretionary grounds, is the “abuse of discretion” standard.
 
 Drapcho v. Drapcho,
 
 2005-0003 (La.App. 1 Cir. 2/10/06), 928 So.2d 559,
 
 writ denied,
 
 2006-0580 (La.5/5/06), 927 So.2d 324;
 
 Rao v. Rao,
 
 05-0059 (La.App. 1 Cir. 11/4/05), 927 So.2d 356. Generally, an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. The word “arbitrary” implies a disregard of evidence or of the proper weight thereof. A conclusion is “capricious” when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence.
 
 Burst v. Board of Com’rs, Port of New Orleans,
 
 93-2069, p. 5 (La.App. 1 Cir. 10/7/94), 646 So.2d 955, 958 (citations omitted);
 
 see also, Torrance v. Caddo Parish Police Jury,
 
 119 So.2d 617 (La.App. 2 Cir. 1960). Although a reviewing court defers to reasonable decisions within the trial court’s discretion, a decision upon an erroneous interpretation or application of the law, rather than a valid exercise of discretion, is not entitled to such deference.
 
 Kem Search, Inc. v. Sheffield,
 
 434 So.2d 1067 (La.1983).
 

 When a party served with proper notice of deposition fails to appear, the court in which the action is pending may on motion make such orders in regard to the failure as are just, including,
 
 inter alia,
 
 dismissing the action or proceeding or any part thereof, or rendering a judgment of default against the disobedient party, or an order assessing costs and attorney fees caused 17by the failure against the disobedient party and his attorney or both. La. C.C.P. arts. 1471, 1473. The Louisiana rule empowering a court to impose these sanctions is identical to Federal Rule of Civil Procedure 37(b) and (d) and the jurisprudence interpreting and applying Rule 37 has been used in Louisiana courts.
 
 Allen v. Smith,
 
 390 So.2d 1300 (La.1980). Dismissal with prejudice for failure to comply with a discovery order is a drastic penalty and should be reserved for extreme circumstances.
 
 Allen v. Smith, supra; Halley v. Guerriero,
 
 577 So.2d 781 (La.App. 2 Cir.1991). It is incumbent on the party seeking to avoid sanctions or dismissal for failure to comply with a discovery order to show that the failure was due to inability and not to “wilfulness, bad faith, or any fault of petitioner.”
 
 Id.
 

 A trial court’s wide discretion in determining appropriate sanctions for failure to comply with discovery orders will not be reversed absent a clear showing of an abuse of that discretion.
 
 Magri v. Westinghouse Elec., Inc.,
 
 590 So.2d 830,
 
 *211
 
 831 (La.App. 4 Cir.1991). Refusal to comply with court-ordered discovery is a serious matter, and trial judges must have severe sanctions available to them to deter litigants from flouting discovery orders.
 
 Horton v. McCary,
 
 93-2315 (La.4/11/94), 635 So.2d 199, 203;
 
 House of Blues New Orleans Restaurant Corp. v. Barbecue of New Orleans, Inc.,
 
 2004-1202 (La.App. 4 Cir. 1/12/05), 894 So.2d 432.
 

 By his first assignment of error, Jones alleges that the trial court abused its discretion when it found that the judgment of dismissal was not contrary to the evidence. The penalty of involuntary dismissal with prejudice, Jones argues, requires that the record show (1) that a |Rnoncompliance has actually occurred, and (2) the noneompliance was due to the willfulness, bad faith or fault of the party himself, citing
 
 Allen v. Smith, supra.
 
 Jones contends that the evidence is insufficient to sustain the judgment that a noncompliance actually occurred and that it was due to his willfulness, bad faith or fault.
 

 We observe that the record in this case does not contain a transcript of the contradictory hearing on the motion to dismiss, and the court minutes reflect that Jones was not present at that hearing. The trial court did not give any written reasons for granting the motion to dismiss, nor did the parties or the court submit a narrative of facts.
 
 See
 
 La. C.C.P. art. 2131.
 

 The appellant bears the responsibility of securing either a transcript or a narrative of facts; accordingly, an inadequate record is imputable to the appellant.
 
 Wilson v. Taco Bell of America, Inc.,
 
 40,430 (La.App. 2 Cir. 12/21/05), 917 So.2d 1223;
 
 Saldana v. State Farm,
 
 39,094 (La.App. 2 Cir. 12/15/04), 889 So.2d 1170;
 
 Borden v. West Carroll Parish Police Jury,
 
 28,967 (La.App. 2 Cir. 12/11/96), 685 So.2d 454. In cases where factual issues are involved and the appellate record contains neither a transcript nor a narrative of facts, the appellate court applies the presumption that the trial court’s judgment is supported by competent evidence and that it is correct.
 
 Wilson, supra; Creech v. Creech,
 
 29,499 (La.App. 2 Cir. 5/7/97), 694 So.2d 589. This presumption is rebuttable, however.
 
 State v. Simmons,
 
 542 So.2d 1150 (La.App. 2 Cir.1989).
 

 As in any matter in which there is a rebuttable presumption, the burden rests with the party challenging the presumption to convince the |9factfinder that his proposed conclusion is more correct than the presumed one.
 
 Whiting v. Aadvance Insulation Services,
 
 738 So.2d 685, 98-1238 (La.App. 5 Cir. 6/1/99). A presumption does not have any probative value, but merely provides the fact-finder with a conclusion in the absence of proof to the contrary: “Presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear.”
 
 Turner v. Turner,
 
 455 So.2d 1374, 1379 (La.1984);
 
 Whiting v. Aadvance Insulation Services, supra.
 

 The judgment' appealed from in this case, however, is the denial of the motion for new trial. The issue before this court, then, is whether the trial court abused its discretion in denying the motion for a new trial when it concluded that Jones failed to show that the judgment of dismissal was contrary to the law and evidence. Although there is no transcript of the hearing or narrative of facts of the prior judgment of dismissal, which requires that we employ the presumption of correctness, the record contains a transcript of the contradictory hearing on the motion for new trial wherein the same evidence presented at the hearing on the motion to dismiss was opposed by Jones.
 

 
 *212
 
 The évidence of Jones’s failure to comply with discovery consisted of the
 
 proces verbal of
 
 the failed initial deposition, the two returned envelopes postmarked March 16 and 17 containing the notices of deposition to be taken on May 28, 2009, and an affidavit from a corrections employee that the defendant received his mail on March 11, 2009, and mail log confirming this. The defendants alleged in their motion to dismiss that Jones himself |inwrote the word “released” on the envelope and placed the endorsements, including “refused,” on the envelope as well. To prove this point, the defendants submitted an affidavit from a corrections officer “to demonstrate that Plaintiff in fact did receive this mailing and plainly endorsed it himself to indicate that he was not at the prison and returned it unopened.” The mail log dated March 11, 2009, confirmed that Jones signed for his mail.
 

 The initial failed deposition in which Jones refused to answer questions cannot alone supply the grounds for the judgment of dismissal, inasmuch as the court responded to that situation with a discovery order compelling Jones to give his deposition and threat of sanctions or dismissal.
 
 [3]
 
 There is a distinction between the sanctions available for failure to comply with discovery and those available for disobedience of court-ordered discovery; generally, the courts have not affirmed dismissal or default where, in the absence of a court order, a party has not submitted to discovery.
 
 Bravo v. Borden,
 
 07-380 (La.App. 5 Cir. 12/27/07), 975 So.2d 36. Accordingly, we must conclude that the trial court found that the defendant refused and returned the two letters containing notices of deposition, and this action constituted a refusal to comply with the discovery order issued by the court.
 

 We observe, as does Jones, that the letters are postmarked March 16 and 17, five days after March 11, 2009, the date upon which Robertson attested that he delivered the mail to Jones and Jones signed the mail log. Obviously Robertson’s affidavit that he delivered Jones his mail on March lull and the mail log of that date simply establish that Jones routinely received his mail and the address on the envelopes was correct.
 

 Jones did not, however, file an opposition to the motion to dismiss and he did not appear at the contradictory hearing. On the one hand, even when a motion is unopposed, it is reasonable to require that the unopposed motion must be at least adequate and correct on its face and substantiate the basic elements of the claim.
 
 Poydras Square Associates v. Suzette’s Artique, Inc.,
 
 614 So.2d 131 (La.App. 4 Cir.1993).
 
 [4]
 
 On the other hand, we reject Jones’s contention outright that he has been denied due process by the judgment of dismissal: Jones received the motion and notice of the hearing, did not oppose it, and there is no competent evidence in the record that Jones attempted to be heard by taking the steps to ensure his appearance at the contradictory hearing.
 
 [5]
 

 
 *213
 
 In any event, Jones was able to present his case and argument opposing the dismissal at the hearing on the motion for new trial. Thus, to counter the defendants’ evidence that the court correctly concluded that he disobeyed the court’s discovery order, Jones submitted his sworn affidavit that he neither received nor refused the two letters sent on March 16 and 17. We are not persuaded that Jones’s affidavit is sufficient to prove that the h ..court abused its discretion in concluding that the judgment of dismissal was not contrary to the evidence.
 

 In
 
 Allen v. Smith, supra,
 
 the plaintiff failed to attend a deposition for which he was given notice, failed to answer interrogatories served on him six months previously and failed to produce his motorcycle for inspection as requested. The defendant filed a motion to dismiss or compel answers to the interrogatories and later supplemented its motion to point out the plaintiffs failure to appear for deposition or to comply with the production order. After a hearing, the trial court granted the motion to dismiss and ordered briefs to be submitted regarding whether the dismissal should be with prejudice. The plaintiff failed to submit such a brief and the trial court subsequently ruled that the dismissal would be with prejudice. Though the trial judge assigned no written reasons for the dismissal, the court of appeal found no abuse of discretion.
 
 Allen v. Smith, supra.
 

 The supreme court set aside the judgment of dismissal, concluding that the trial judge exceeded his discretion by imposing the ultimate sanction of dismissal with prejudice; the record does not support a finding that the failure was due to the plaintiffs wilfulness, bad faith or fault. The court further explained that record contained no evidence, or even a transcript of the attorneys’ arguments at the sanction hearing, to which it could turn to find support for the drastic penalty imposed. Consequently, it was not clear to what extent, if any, the plaintiff, rather than the attorney advising him, was at fault in failing to make discovery.
 

 | iaIn
 
 Halley v. Guerriero, supra,
 
 this court set aside a judgment of dismissal for the plaintiffs failure to comply with discovery because the trial court lacked jurisdiction to hear the motion to dismiss, which was filed three days after the court granted the defendant’s motion to appeal an order compelling discovery within 10 days or the suit would be dismissed with prejudice as the sanction for noncompliance. However, we noted in
 
 obiter dictum
 
 other facts that would mandate reversal, including the fact that the motion to dismiss was filed
 
 ex parte
 
 and granted without a hearing, which is required by La. C.C.P. art. 963. We further observed that because there was no hearing, the factors the trial court considered in granting the motion for dismissal could not be ascertained. We concluded that the record would not easily support a judgment of dismissal because Ms. Halley’s reason for noncompliance suggested “inability” rather than “wilfulness, bad faith or any fault of petitioner,”
 
 citing Allen v. Smith, supra.
 
 To support a dismissal on remand, we stated, the record must reflect that the trial court considered and rejected the extenuating circumstances advanced in Ms. Halley’s filings.
 

 We distinguish
 
 Allen v. Smith, supra,
 
 on the facts. Allen was clearly based on the supreme court’s inability to determine from the record whether the dismissal resulted from actions of the plaintiff or the attorney. In this instance, Jones is proceeding
 
 pro se,
 
 and therefore any actions amounting to failure to comply with the
 
 *214
 
 discovery order were his own. Moreover, we are able to determine from the transcript of the hearing on the motion for new trial the evidence and arguments presented in the motion to dismiss.
 

 |uWe also distinguish
 
 Halley v. Guerriero, supra.
 
 In that case, the court granted the motion to dismiss
 
 ex parte
 
 without a hearing. In this case, there was a hearing; however, Jones did not appear nor oppose the motion, which must be attributed to him. The
 
 Halley
 
 court also noted that the record showed that the problem lay in Ms. Halley’s lack of ability, not wilfulness, bad faith or fault. If anything, in this case, Jones has proven to be quite proficient and articulate in his utilization of the legal process.
 

 By his second assignment, Jones argues that the trial court abused its discretion in failing to grant a new trial by concluding that the judgment of dismissal was not contrary to law. Specifically, Jones contends that the motion to dismiss was premature since it was filed and ruled upon well before the scheduled deposition that Jones was compelled by court order to give.
 

 We disagree. By refusing to accept the letters containing the notices of deposition, irrespective of whether the misleading markings on the letters were personally made by him, Jones expressly demonstrated his refusal to comply with the court order to appear and submit to the discovery deposition. A litigant cannot be permitted to thwart the discovery process by refusing mail from the opposing attorney. This constitutes a willful disobedience or flouting of the court order.
 

 Accordingly, the trial court was correct in ruling that the judgment of dismissal was not contrary to the law.
 

 | lr,Conclusion
 

 We conclude that the trial court did not abuse its discretion in denying the motion for a new trial. Accordingly, the judgment denying the motion for new trial is affirmed at Jones’s cost.
 

 AFFIRMED.
 

 [1]
 

 . Jones appeared for oral argument at this court presumably having been released to some form of supervision by DPSC.
 

 [2]
 

 . It appears that Jones initially wanted arthroscopic elbow surgery when nothing turned up on his x-ray to determine if there actually could be some elbow damage to bone or cartilage that is causing pain. Instead, the orthopedist followed a conservative course of treatment, including physical therapy.
 

 [3]
 

 . The practice of incorporating a sanction in a discovery order and then imposing the sanction
 
 ex parte
 
 is jurisprudentially disfavored.
 
 Halley, supra.
 

 [4]
 

 . “If plaintiff whose opponent fails to file answer must prove basic elements of his case before he can be awarded judgment by default, then it is reasonable to require that the unopposed motion for summary judgment must be at least adequate and correct on its face.”
 

 [5]
 

 . Jones attached to his motion for a new trial a handwritten motion for an order that he be transported to the contradictory hearing on the motion to dismiss. He alleges he filed this motion prior to the hearing. We note, however, that the document purporting to be a motion is not stamped that it ever was
 
 *213
 
 "Filed” into the record, and therefore, carries no weight.