GUIDRY, J., would grant.
CLARK, J., would grant.
CRICHTON, J., would grant and assigns reasons.
CRICHTON, J., would grant and assigns reasons:
I would grant the writ application of Jazz Casino Company, L.L.C., for the reasons assigned by Judge Bagneris in his dissent. Specifically, I agree with Judge Bagneris's finding that "[p]laintiff herein presented absolutely no evidence that the substance was on the floor[1] for any length of time." Valencia Lewis v. Jazz Casino Company, L.L.C., 17-0935 (La.App. 4th Cir. 4/26/18) (Bagneris, J., dissenting). Moreover, Judge Bagneris noted that "[t]he videotape shows nothing on the floor prior to the accident, and it is equally possible that the substance was tracked in by plaintiff *878 herself on her shoe, or was tracked in by and fell off of the shoe of one of the individuals who immediately preceded her through the area." Id. As stated in White v. Wal-Mart Stores, Inc., 97-0393, p. 1 (La. 9/9/97), 699 So.2d 1081, 1082, "[w]here a claimant is relying upon constructive notice ... the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." In my view, the trial court correctly determined that plaintiff failed to demonstrate that the substance on which she slipped had been on the floor for any period of time, much less a sufficient period of time to meet her burden of proof under La. R.S. 9:2800.6(B). In reversing the trial court's decision, the court of appeal effectively eliminates the temporal element of plaintiff's claim, allowing her to bypass one of the necessary elements she is required to prove under La. R.S. 9:2800.6. Moreover, I find this matter to be a primary reason summary judgment procedure is favored under Louisiana law, as it is "designed to secure the just, speedy, and inexpensive determination of actions." Louisiana High School Athletics Association, Inc., v. State of Louisiana, et al., 12-1471, p. 18 (La. 1/29/13), 107 So.3d 583, 598.
For the aforementioned reasons, I would grant this matter to reverse the court of appeal and reinstate the ruling of the trial court, thereby dismissing plaintiff's lawsuit.

Plaintiff alleges this food substance on the floor appeared to be a smashed grape.