# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

## 2018 CA 1240

## MARK W. JACK, SR. AND CATINA JACK

## VERSUS

## SUCCESSIONS OF WILBERT ALBERT AND VICTORIA B. ALBERT

Judgment rendered **SEP 0 4 2019**

* * * * *

On Appeal from the
Eighteenth Judicial District Court
In and for the Parish of Pointe Coupee
State of Louisiana
No. 47,634, Div. "D"

The Honorable Elizabeth A. Engolio, Judge Presiding

* * * * *

| | |
|---|---|
| Michael E. Parks<br>New Roads, Louisiana | Attorney for Plaintiffs/Appellees<br>Mark W. Jack, Sr. and Catina Jack |
| Thomas A. Nelson<br>New Roads, Louisiana | Attorney for Defendants/Appellants<br>Successions of Wilbert and Victoria<br>B. Albert |

* * * * *

**BEFORE: WHIPPLE, C.J., McDONALD, CRAIN, HOLDRIDGE, AND PENZATO, JJ.**

McDonald, J. dissents and assigns reasons.
Whipple, C.J. dissents for the reasons assigned by Judge McDonald (by gmm)

Penzato, J. concurs for the reasons assigned by Crain J.

Crain J. concurs for reasons assigned.

**HOLDRIDGE, J.**

Defendants, the Successions of Wilbert Albert and Victoria B. Albert (Alberts) appeal a judgment rendered in favor of plaintiffs, Mark W. Jack, Sr. and Catina Jack (Jacks), awarding the Jacks $8,500.00 for damage caused to their property by the roots of a water oak tree situated on the boundary between the parties' adjoining properties. The Alberts also appeal a judgment denying their motion for a new trial. We reverse.

## BACKGROUND

The Jacks are the owners of Lot 28 on 204 Martin Drive in New Roads, Louisiana. The Alberts are the owners of adjoining Lot 27. A large oak tree, four feet in diameter, is situated on the boundary between Lots 27 and 28. On March 14, 2017, the Jacks filed this lawsuit against the Alberts, seeking to recover for damages caused to their driveway by the root system of the oak tree, which encroached onto the Jacks' driveway. The Jacks alleged that the Alberts are the owners of the tree and sought to have the Alberts pay for the removal of the tree's roots pursuant to La. Civ. Code art. 688. Louisiana Civil Code article 688 gives a landowner the right to demand that the branches or roots of a neighbor's trees that extend over or into the landowner's property be trimmed at the neighbor's expense, provided that the roots or branches interfere with the enjoyment of the landowner's property. The Jacks sought to recover the costs and expenses to repair the driveway, as well as damages for inconvenience and mental anguish.[1]

At trial, the Jacks' case-in-chief consisted of the testimony of Mr. Jack, the testimony of a witness as to the cost to remove the roots and repair the Jacks' driveway, and 12 photographs depicting the oak tree and the damage to the Jacks' driveway caused by the encroachment of the tree's root system onto and under

---

[1] As requested in the petition, the trial court appointed an attorney to represent the unopened successions, pursuant to La. C.C.P. art. 5091A(1)(a).

2

their driveway. The Alberts offered the testimony of a surveyor who prepared a survey map and who testified that the tree is located on the boundary between the Jacks' and the Alberts' properties. The Alberts argued at trial that this case is governed by La. Civ. Code art. 687. Louisiana Civil Code article 687 provides that trees on the boundary are common unless there is proof to the contrary. It gives an adjoining landowner the right to demand the removal of a tree on the boundary that interferes with the enjoyment of his estate, but he must bear the expense of the tree's removal. The Alberts asserted the tree, located on the boundary of the two properties, is presumed to be the common property of the Alberts and the Jacks, and because the Jacks offered no evidence to rebut the presumption of common ownership, the Jacks must bear the expense of the removal of the tree's roots and the damages occasioned by the encroachment of the roots onto their driveway.

At the conclusion of the trial, the court ruled in favor of the Jacks and against the Alberts. The trial court expressed its belief that the tree originated from Lot 27, the Alberts' property. The court concluded that the absence of evidence as to how the tree got there was not a factor to be considered. Instead, the court found that the photographs submitted by the Jacks showed that a large portion of the tree was on the Alberts' property and only a small portion of the tree was on the Jacks' property, and stated it would be "hard-pressed" to find the tree to be a common one under La. Civ. Code art. 687. Concluding that the tree was originally the Alberts' tree, the court found La. Civ. Code art. 688 applied in this case, and awarded damages in the amount of $8,500.00 to the Jacks, representing the cost of the removal of the roots impacting the Jacks' property and the repair of that property.

On December 12, 2017, the trial court signed a judgment in favor of the Jacks and against the Alberts awarding the Jacks $8,500.00. The heirs to the Alberts' successions filed a motion for a new trial, pursuant to which they argued

3

that the court erred in applying La. Civ. Code art. 688 to the case as there was no testimony as to who actually owned the tree in question. In the absence of such testimony, the Alberts insisted that La. Civ. Code art. 687 governed this dispute, pursuant to which the tree on the boundary is the common property of the Alberts and the Jacks.

The trial court denied the motion for new trial, finding that while the survey showed that the tree was located in the middle of the property line, the photographs offered into evidence told another story. Specifically, relying on those photographs, the trial court concluded that the tree originated on the Alberts' property then grew closer to the Jacks' property. The court reached this conclusion from its appreciation that as a tree grows, it grows outward from the center in a fairly equal distance from the center all around, stressing that this was not a lopsided tree and there was nothing strange about the tree's growth. On April 30, 2018, the trial court signed a judgment denying the motion for new trial.

The Alberts appealed the December 12, 2017 judgment awarding damages to the Jacks and the April 30, 2018 judgment denying their motion for a new trial.

## DISCUSSION

The record reflects that the Jacks purchased Lot 28 in 2003, and the subject oak tree was present at that time. In 2015, the Jacks noticed that the roots of the oak tree had lifted their concrete driveway up and began to investigate ownership of the property next door, as the original owners, William and Victoria Albert, had died and the property was included in their unopened successions. Discussions were held with various individuals representing the Alberts in an attempt to resolve the matter, but were unsuccessful. At trial, Mr. Jack identified a series of photographs depicting the oak tree and damage done by the encroachment of its roots onto and under his concrete driveway. The first two photos depict the tree in

4

the middle of the Jacks' and Alberts' properties; three stakes with pink markers are shown in a line from the tree towards the back of the properties. The marker nearest to the tree shows that only a small portion of the tree is to the left of the stake and the larger portion of the tree is to the right of the stake. The Jacks' property is to the left of the stake and the Alberts' property is on the right side of the stake. Other photographs show the roots of the tree growing onto the driveway on the Jacks' property and a crack on the Jacks' driveway. Mr. Jack testified that the tree roots were going toward his house and cracking the concrete slab near his house, but admitted that he was not aware of any damage to his house as of yet.

Michael Hurst, a concrete finisher, prepared an estimate to repair the Jacks' driveway and to remove the roots of the tree so that they did not cause further damage to the Jacks' property. According to Mr. Hurst, the repair would involve ripping out the existing driveway with an excavator, breaking up the roots of the tree with the excavator, and putting down another driveway. Mr. Hurst estimated the cost of this work to be $8,500.00.

In support of their case, the Alberts called Charles St. Romain, whom the trial court accepted as an expert civil engineer and surveyor. Mr. St. Romain was hired to locate the property line between Lots 27 and 28 and to mark on a map whatever tree may be along or near that line. Mr. St. Romain's survey was introduced into evidence, on which he circled the tree in question, and testified that the tree was situated on the property line between the two lots. He acknowledged that to the best of his recollection, the tree was "smack dab" on that line. On cross-examination, Mr. St. Romain was questioned regarding the methods he used to reach his conclusion. When asked how he ran the survey line, Mr. St. Romain responded that he was provided with a survey plat of record and went out in the field and was able to locate only one marker on the property. Mr. St. Romain

5

found markers along the street and from that calculated from the map the position to relocate and reset the markers. Mr. St. Romain was then shown one of the Jacks' exhibits, a photograph with three stakes and markers, starting from the back of the tree and going towards the back of the properties. He denied having placed the markers along the property line, but stated that his survey crew may have done so when they went back to reset the missing markers. Mr. St. Romain further stated that the photograph did not represent the exact property line that he recalled. When shown a close-up photograph of the same exhibit, showing the marker closest to the tree, Mr. St. Romain stated that it should be where the property line is. He acknowledged it was not "smack dab" in the middle of the property line; he emphasized that he was not measuring exactly where the tree is, but was determining whether a portion of the tree was on the property line. When asked whether, when the tree was a small tree, it was not on the property line, Mr. St. Romain answered "probably not." He acknowledged that as a tree continues to grow outwards, it generally tends to grow in a regular pattern equally all the way around for a round tree, and that this tree basically fit that description. Mr. St. Romain responded that it was "a good assumption" when asked whether it would be fair to say that through time, the tree had grown over and then into the property line and onto the property of the Jacks. On redirect examination, Mr. St. Romain reiterated that the tree in question is on the boundary line.

Trees belong to the owner of the soil whereon they stand, regardless of their proximity to the property line. **Oglesby v. Town of Winnfield**, 27 So.2d 137, 143 (La. App. 2nd Cir. 1946). Trees are component parts of a tract of land when they belong to the owner of the ground. La. Civ. Code art. 491; 1971 Revision Comments (b). At issue in this case is whether the trial court properly applied the provisions of the Louisiana Civil Code to resolve this dispute between adjoining

6

landowners. Specifically, we must determine whether the trial court was correct in ordering the Alberts to pay for the removal of the tree's roots and damage caused by the roots to the Jack's driveway pursuant to La. Civ. Code art. 688. Louisiana Civil Code article 688 provides as follows:

**Branches or roots of trees, bushes, or plants on neighboring property**

A landowner has the right to demand that the branches or roots of a neighbor's trees, bushes, or plants, that extend over or into his property be trimmed at the expense of the neighbor.

A landowner does not have this right if the roots or branches do not interfere with the enjoyment of his property.

Louisiana Civil Code article 687 provides as follows:

**Trees, bushes, and plants on the boundary**

Trees, bushes, and plants on the boundary are presumed to be common unless there be proof to the contrary.

An adjoining owner has the right to demand the removal of trees, bushes, or plants on the boundary that interfere with the enjoyment of his estate, but he must bear the expense of the removal.

It is undisputed in this case that the oak tree is located on the boundary between the Jacks' and the Alberts' properties. It has further been demonstrated that the roots of the oak tree have encroached over and onto the Jacks' driveway, causing damage to their property, and thus interfering with the enjoyment of the Jacks' property. What is in dispute in this case is who must pay for the removal of the tree's roots and the damages occasioned by those roots. If La. Civ. Code art. 688 applies to this case, the Alberts must pay the cost of the removal of the tree's roots. If La. Civ. Code art. 687 applies to this case, the Jacks must bear the expense of the tree's removal.

To resolve this issue, we turn to the Civil Code's provisions governing the interpretation of laws. When a law is clear and unambiguous and its application

does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the Legislature's intent. La. Civ. Code art. 9. However, when the language of the law is susceptible to different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. Civ. Code art. 10. Words of a law must be given their prevailing meaning, and when the words of a law are ambiguous, the meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. Civ. Code art. 12. Laws on the same subject matter must be interpreted in reference to each other. La. Civ. Code art. 13. Further, while the heading of a codal provision is not the law, it does provide some guidance as to what the Legislature intended the provision to cover. See **Woodrow Wilson Construction, LLC v. Amteck of Louisiana, Inc.**, 2017-1156 (La. App. 1st Cir. 8/6/18), 256 So.3d 305, 321.

Applying these precepts, we interpret La. Civ. Code arts. 687 and 688 thusly: In order to recover the cost of removing the branches from a neighbor's tree pursuant to La. Civ. Code art. 688, an adjoining landowner has the burden to prove that the offending tree is located on a neighbor's property. However, La. Civ. Code art. 687 establishes a presumption that a tree located on the boundary between two properties is common. 4 A.N. Yiannopoulos & Ronald J. Scalise, Jr., *Louisiana Civil Law Treatise: Predial Servitudes*, §4:23 at p. 270 (4th Ed. 2013). Louisiana Civil Code art. 687 permits the presumption of commonness to be overcome by proof to the contrary. As in any matter in which there is a rebuttable presumption, the burden rests on the party challenging the presumption to convince the trier of fact that his proposed conclusion is more correct than the presumed one. **Jones v. LSU/EA Conway Medical Center**, 45,410 (La. App. 2nd Cir. 8/11/10), 46 So.3d 205, 211. A presumption, such as the one created by La. Civ. Code art.

8

687, does not have any probative value, but merely provides the factfinder with a conclusion in the absence of proof to the contrary. See **Id.** If there is no proof to the contrary and the presumption of commonness stands, an adjoining landowner may have a common tree removed from the property, but that adjoining landowner's remedy is to remove the tree at his own expense. Moreover, even if a tree situated on a boundary is not common, an adjoining landowner has the right to demand that the tree interfering with the enjoyment of his property be cut at his own expense. La. Civ. Code art. 687, 1997 Revision Comment (b).

The location of the tree on the boundary between the Alberts' and the Jacks' properties triggered La. Civ. Code art. 687's presumption that the tree is a common one. The Jacks, who are claiming that the tree on the boundary is not common but is in fact owned by the Alberts, bore the burden of offering proof sufficient to overcome the presumption that the tree is commonly owned.

Contrary to the trial court's conclusion that the Alberts are the sole owners of the tree, there is no evidence as to who planted it or when the tree was planted. While a photograph in evidence shows that years ago, a young tree may have been solely on the Alberts' property, the photograph is not conclusive since there is no expert testimony presented by the Jacks as to the exact location of the property line in said photograph. The only established fact is that the tree in question is located on the property line. Therefore, it is presumed to be common under La. Civ. Code art. 687. While the Jacks had an opportunity at trial to present proof that the tree is not a common one, they failed to present such proof to overcome the presumption of commonness, especially in light of their failure to introduce expert testimony as to the origin of the tree and its growth over the years.

Because the tree is presumed to be common, and the presumption of commonness was not rebutted by the Jacks, the Jacks and the Alberts are deemed

9

to be co-owners of the tree under La. Civ. Code art. 687. Pursuant to that provision, the Jacks may remove the tree's roots that have encroached on their property at their own expense. Because the Jacks are co-owners of the tree causing their damage, they may not recover the cost of repairing the damage caused by the tree's roots from the Alberts.

## CONCLUSION

For the foregoing reasons, the December 12, 2017 judgment is reversed, and judgment is rendered in favor of the Successions of Wilbert Albert and Victoria B. Albert and against Mark W. Jack, Sr. and Catina Jack, dismissing this lawsuit with prejudice.[2] All costs of this appeal are assessed to the plaintiffs, Mark W. Jack, Sr. and Catina Jack.

**REVERSED AND RENDERED.**

---

[2] Because of this ruling, the propriety of the trial court's denial of the motion for new trial is moot.

10

# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

## 2018 CA 1240

### MARK W. JACK, SR. AND CATINA JACK

### VERSUS

### SUCCESSIONS OF ALBERT AND VICTORIA B. ALBERT

**McDONALD, J., dissents.**

I respectfully dissent from the majority opinion reversing the trial court's judgment and rendering judgment in favor of the Alberts. I think the trial court had sufficient evidence under LSA-C.C. art. 687 to find the subject oak tree belonged to the Alberts and to then award damages to the Jacks under LSA-C.C. art. 688.

Louisiana Civil Code article 687 creates a presumption that the oak tree on the Jack/Albert boundary is common *unless there is proof to the contrary.* After listening to the witnesses and looking at the Jacks' photographs and the St. Romain survey, the trial court determined the Jacks presented sufficient evidence to overcome LSA-C.C. art. 687's common-ownership presumption. The trial court's determination of whether a party attacking a presumption has presented sufficient evidence to overcome that presumption is a factual determination, subject to manifest error review on appeal. *Hall v. Folger Coffee Co.,* 874 So.2d 90, 98 (La. 2004).

Under such review, I think the Jacks' photographs, the St. Romain survey, and Mr. St. Romain's testimony provided a reasonable factual basis for the trial court's determination that the oak tree originated on the Albert property and then, over time, grew onto the Jacks' property. Specifically, at the trial, Mr. St. Romain, an expert civil engineer and surveyor, testified that the oak tree probably began as a sapling on only one side of the property line, i.e., on the Alberts' property, and that it was a "good assumption" that, over time, the tree had grown over and then into the property line and onto the Jacks' property. I disagree with the majority's conclusion that the Jacks were required to present other expert testimony to establish the "origin of the tree and its growth over the years." Even if Mr. St. Romain did not qualify as such, he was at least

entitled to give lay opinion testimony based on his training, investigation, perception of the tree, and observation of other physical evidence on the Jack and Albert properties. *See Lee v. Louisiana Board of Trustees for State Colleges*, 17-1433 (La. App. 1 Cir. 3/13/19), ___ So.3d ___, 2019 WL 1198551 *5. Thus, I think the trial court correctly relied on his testimony and the demonstrative evidence to reasonably conclude the Jacks carried their burden of proving the Alberts owned the oak tree. I further think the trial court then correctly applied LSA-C.C. art. 688 by requiring that the Alberts bear the expense of removing their tree's roots and repairing their neighbor's, the Jacks', driveway.

I also disagree with the concurring opinion, which states that, because the subject tree is "on the boundary," the second sentence of LSA-C.C. art. 687 governs this dispute, regardless of whether the tree is presumed common. Respectfully, I think this interpretation ignores LSA-C.C. art. 687's first sentence, which allows a party to prove that a tree on the boundary is not common. If a party is successful in overcoming the common-tree presumption, as is allowed under the first sentence of LSA-C.C. art. 687, I think he is then entitled to have the tree's owner bear the expense of removal as provided in LSA-C.C. art. 688. In such a case, and as is the case here, the second sentence of LSA-C.C. art. 687 would not apply. Under applicable rules of statutory construction, it is presumed that every sentence in a statute was intended to serve some useful purpose, that some effect is to be given each sentence, and that no unnecessary sentences were used. *See City of New Orleans v. La. Assessors' Retirement and Relief Fund*, 05-2548 (La. 10/1/07), 986 So.2d 1, 20. Thus, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence as meaningless, if such a construction preserving the sentence can legitimately be found. *Id.* The concurring opinion's interpretation of LSA-C.C. art. 687, as applied to this case, appears to ignore the effect of the first sentence.

Because I think the trial court had a reasonable factual basis to conclude the Alberts owned the oak tree, and under the manifest error standard of review by which this court is bound, I would affirm the trial court's judgment ordering the Alberts to pay damages to the Jacks.

| MARK W. JACK SR. | STATE OF LOUISIANA |
| AND CATINA JACK | |
| | COURT OF APPEAL |
| VERSUS | |
| | FIRST CIRCUIT |
| SUCCESSION OF | |
| WILBERT ALBERT AND | |
| VICTORIA ALBERT | 2018 CA 1240 |

**CRAIN, J., concurs.**

This dispute is governed by the second paragraph of Louisiana Civil Code article 687, which grants an adjoining property owner the right to demand the removal of a tree "on the boundary" if the tree interferes with the enjoyment of his estate. The adjoining owner, however, "must bear the expense of removal." La. Civ. Code art. 687. Here, the parties do not dispute the subject tree is on the boundary. Once the tree began to encroach on the Jacks' driveway, they had the right to demand its removal *at their expense*. *See* La. Civ. Code art. 687.

While the majority and dissenting opinions focus on the ownership of the tree, specifically whether it is presumed "common," I believe the determinative fact is the *location* of the tree. The second paragraph of Article 687 applies to any tree "on the boundary," regardless of whether the tree is presumed common. *See* La. Civ. Code art. 687, Revision Comment (b); Yiannopoulos and Scalise, 4 La. Civ. L. Treatise, *Predial Servitudes* § 4.23 (4th ed. September 2018 Update).

The trial court erred by relying on Louisiana Civil Code article 688, which grants a landowner the right to demand that branches and roots of a "neighbor's trees," which interfere with the landowner's enjoyment of his property, be trimmed at the neighbor's expense. That provision cannot reasonably be construed to apply to a neighbor's tree located *on the boundary line*, which is expressly governed by the second paragraph of Article 687.

The impracticality of applying Article 688 to a tree on a boundary line is readily demonstrated by this case, wherein the trial court endeavored to determine

who owns the tree by attempting to ascertain which side of the boundary line it originally sprouted or was planted decades ago, a task the majority suggests requires an expert. Taken to its logical conclusion, those efforts would be necessary in every instance to determine which neighbor "owns" a tree on a boundary line and is thus responsible for trimming its branches and roots. The second paragraph of Article 687 spares the court of that exercise by making ownership of the tree irrelevant: if the tree is "on the boundary" and is interfering with an owner's enjoyment of his property, that owner, at his expense, has the right to demand the removal of the tree or any part thereof causing the problem. While ownership of the tree, and any associated presumptions in that regard, may be important for other purposes, such as entitlement to fruits and products of the tree, *see* La. Civil Code art. 798, it has no bearing on the present dispute.