Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,535-CW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CONNIE SULLIVAN                                  Respondent

versus

BROOKSHIRE GROCERY                               Applicant
COMPANY AND SEALY
UPTOWN, LLC

* * * * *

On Application for Writs from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 621,118

Honorable Ramon Lafitte, Judge

* * * * *

| | |
|---|---|
| LUNN IRION LAW FIRM, LLC<br>By: James Alex Mijalis<br>   William Orie Hunter, III | Counsel for Applicant,<br>Brookshire Grocery<br>Company |
| GREGORIO, CHAFIN, JOHNSON,<br>TABOR & FENASCI, LLC<br>By: Charles E. Tabor | Counsel for Respondent,<br>Connie Sullivan |

* * * * *

Before MOORE, STEPHENS, and ROBINSON, JJ.

**STEPHENS, J.**

The issue before this Court in this appeal, initially filed as a supervisory writ, is whether the trial court erred in granting Ms. Sullivan's motion for new trial and recalling a motion for summary judgment previously granted in favor of Brookshire. For the reasons set forth below, we grant the writ, affirm the judgment of the trial court, and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL BACKGROUND

This writ grant to docket arises out of a slip and fall accident that occurred on July 14, 2019, at the Brookshire's store located at 4828 Line Avenue in Shreveport, Louisiana. In her petition, Connie Sullivan ("Ms. Sullivan") alleged that while shopping in the store, she "unknowingly stepped in and slipped in an unmarked pool of water, causing her to violently fall to the floor, injuring her body." She further alleged that the store's "ceiling and/or roof was leaking, which caused water to pool on the floor of the building interior in aisle eight (8)." Ms. Sullivan filed suit against Brookshire Grocery Company ("Brookshire") and Sealy Uptown, LLC ("Sealy"), the lessor of the premises. According to the lease agreement, Sealy had the duty to maintain the roof.[1]

Brookshire filed a motion for summary judgment alleging that Ms. Sullivan couldn't satisfy her burden of proving that Brookshire had constructive notice of the alleged condition of the floor as required by La. R.S. 9:2800.6. Attached to Brookshire's motion for summary judgment was, *inter alia*, an affidavit executed by Leo Stevenson, the store director of

---

[1] Ms. Sullivan has settled her claims with Sealy.

the Line Avenue Brookshire's who was present on the date of Ms. Sullivan's fall. In his affidavit, Mr. Stevenson stated that "he would have walked through the area where Ms. Sullivan claims she slipped and fell less than thirty minutes before the incident" and "that had he noticed a roof leak at the time, he would have protected the area." Ms. Sullivan filed an opposition to the motion for summary judgment. Among her attachments were an affidavit of meteorologist Joe Haynes regarding the unusually heavy rainfall in Shreveport caused by Tropical Storm Barry the day before and day of Ms. Sullivan's accident and excerpts from her son-in-law's deposition describing his written request to the store to preserve video footage from the date of her incident.[2] A hearing was held on the motion on July 19, 2021.

Following the hearing, the trial court granted Brookshire's motion for summary judgment. Ms. Sullivan filed a motion for new trial, urging that the trial court did not take into consideration the numerous issues of fact concerning constructive notice provided to Brookshire under La. R.S. 9:2800.6. Pursuant to La. C.C.P. arts. 1971 and 1978, she sought new trial for reargument only.

After hearing arguments by counsel for the parties, the trial court granted the motion for new trial and recalled the summary judgment that had been granted in favor of Brookshire. On December 7, 2021, Brookshire filed notice of its intent to seek supervisory writs. The writ application was granted on January 27, 2022, and the matter was docketed for briefing.

---

[2] Brookshire did not preserve the videotape footage as requested by Ms. Sullivan's son-in-law. The rationale was that, since there was no video camera on aisle eight, there was no need to preserve any other footage from the date of Ms. Sullivan's accident. Brookshire also argued that there were proprietary reasons for its refusal to save the videotapes.

**DISCUSSION**

The only issue before this Court is whether the trial court abused its discretion when it granted Ms. Sullivan's motion for new trial and reversed its earlier summary judgment ruling in favor of Brookshire.

Brookshire asserts that Ms. Sullivan failed to allege sufficient grounds for the granting of a new trial, and the trial court failed to articulate a good ground to support its ruling and order granting the requested relief. Thus, the trial court's ruling constitutes an abuse of its discretion. On the other hand, Ms. Sullivan urges that she demonstrated that there was a genuine issue of material fact as to whether Brookshire had constructive notice of the water puddle on aisle eight. According to Ms. Sullivan, faced with the information raised by her during argument of the new trial motion, the trial court was well within its discretion and authority in granting her motion for new trial and reversing its prior grant of summary judgment in favor of Brookshire.

A new trial on all or part of the issues, or for reargument only, may be granted upon contradictory motion of any party or the court on its own motion. La. C.C.P. art. 1971.

The grant of a new trial is mandatory (1) when the verdict or judgment appears contrary to the law and evidence; (2) when a party has discovered new evidence important to the cause which she could have obtained prior to or during trial; or (3) when the jury has been bribed or behaved improperly so that impartial justice has not been done. La. C.C.P. art. 1973.

Additionally, a new trial may be granted, if, in the court's discretion, there are good grounds therefor. La. C.C.P. art. 1974.

The applicable standard of review for a trial court's ruling on a motion for new trial is whether the trial court abused its discretion. *Pitts v. Louisiana Medical Mutual Ins. Co.*, 16-1232 (La. 3/15/17), 218 So. 3d 58. This standard applies whether the motion was peremptory or discretionary. *Price on Behalf of Price v. Minden Medical Center*, 52,499 (La. App. 2 Cir. 2/27/19), 266 So. 3d 452; *Alcorn v. Duncan*, 49,964 (La. App. 2 Cir. 8/26/15), 175 So. 3d 1014, *writ denied*, 15-1929 (La. 11/20/15), 180 So. 3d 1288; *Jones v. LSU/EA Conway Medical Center*, 45,410 (La. App. 2 Cir. 8/11/10), 46 So. 3d 205.

Generally, an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. The word "arbitrary" implies a disregard of evidence or the proper weight thereof. A conclusion is "capricious" when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. *Id.* Although a reviewing court defers to reasonable decisions within the trial court's discretion, a decision based upon an erroneous interpretation or application of the law, rather than a valid exercise of discretion, is not entitled to such deference. *Id.*

Louisiana's Merchant Liability Statute, La. R.S. 9:2800.6, provides that a merchant such as Brookshire owes a duty to persons who use its premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. La. R.S. 9:2800.6(A). This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. *Id*; *Lewis v. Jazz Casino Company, L.L.C.*, 17-0935 (La. App. 4 Cir. 4/2618), 245 So. 3d 68, *writ denied*, 18-0757 (La. 9/21/18), 252 So. 3d 877.

There are three specific elements of a claim under La. R.S. 2800.6. Subsection (B) provides:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of her cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> > **(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.**
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

As noted by the Louisiana Supreme Court in *White v. Wal-Mart Stores, Inc.*, 97-0393, p. 6 (La. 9/9/97), 699 So. 2d 1081, 1086, as the plaintiff seeking to recover under the Merchant Liability Statute must establish all three elements of La. R.S. 9:2800.6(B), "the failure to prove any is fatal to the claimant's cause of action." The basis for Brookshire's motion for summary judgment, initially granted by the trial court, was that Ms. Sullivan failed to establish that Brookshire had constructive notice of the water puddle on the floor of aisle eight prior to her fall. Proof of the temporal element of La. R.S. 9:2800.6 may be made by both direct and circumstantial evidence. *Birdsong v. Hirsch Memorial Coliseum*, 39,101 (La. App. 2 Cir. 12/15/04), 889 So. 2d 1232; *Crawford v. Ryan's Family Steakhouse, Inc.*, 31,911 (La. App. 2 Cir. 5/5/99), 741 So. 2d 96.

Specifically, in granting summary judgment, the trial court observed:

> I don't think an employee has to walk the aisles every five minutes to check, but based on my review of all of these

5

attachments and depositions that were attached to the motion, and attachments to the opposition, I think that I am going – well, I don't think, I know I'm going to grant the motion for summary judgment in connection with the notice issue inasmuch as Mr. Stephenson [sic] testified that he just – well, not just, but within 30 minutes, or less than 30 minutes, walked the aisle. And there is nothing in the record indicating that that particular place had been leaking before that day. If there had been some employee or anyone saying, well, last time it rained, you know, we saw a leak in that exact same spot we would have a different story, but that is not the case here. For those reasons, I am going to grant your motion for summary judgment.

At the hearing for the motion for new trial, the predominant issue argued by counsel was the store's destruction of the requested video footage. The court was very engaged in the argument, going back and forth with the attorneys. Note the following exchanges:

Defense Counsel: The rationale [the store] gave as why they didn't preserve it [is] because there was nothing on this aisle to preserve and that's why they did it. And, then, Your Honor, more importantly, that goes to the issue of reasonable care whether Brookshire Grocery Company failed to exercise reasonable care.

There's still been no evidence presented by plaintiff as to the most important second element: plaintiff has to prove that the condition existed for such a period of time that Brookshire Grocery Company would or wouldn't – should've known of this—this condition. So let's just assume—

The Court: Well, let me—let me interrupt you. Existed for such a period of time, that it has to exist for some time…. Even cases said it doesn't have to be a specific time limit, but it would've been there for some period of time and the store would have known—or should have known, I guess, had they done any inspection, for example, which is this case. In your affidavit, [the manager's] affidavit, [he said he] did inspect [aisle eight]. Okay. I'm sure when he inspected the aisle, he didn't … inspect just one aisle as if, "Okay. I know a slip-and-fall is gonna happen so I'm just going to walk Aisle 8." The video would have shown him inspecting other aisles as well; would you agree?

Defense counsel: Perhaps ….

| The Court: | [Defense counsel] is right when he indicates that he has an affidavit saying a [manager] just walked through [aisle eight] 30 minutes—nothing [on the floor]. |
| --- | --- |
| Plaintiff counsel: | Yes, your Honor. |
| The Court: | The camera would have shown, I guess, inspections of other areas but not that area. There was no camera there. |
| Plaintiff counsel: | That's right. And I can't dispute what he did or didn't do anymore because they didn't keep [the footage]. And so let's say that [the manager] didn't inspect it at all. Or let's say that he inspected it 45 minutes before. Those—that's why the camera issue is so important, because, now, I'm in a situation where all a store ever has to do to win on a summary judgment is to get rid of the camera evidence and say it didn't exist and then execute an affidavit that said, "I walked through there 30 minutes before and didn't see anything." <br><br> …. Brookshire's doesn't keep their logs anymore…. They have this duty that you've got to keep a constant lookout…. You've got to keep a constant lookout under Brookshire's rules…. <br> That's why we need to present these facts to a jury for them to tell is what's right. Otherwise, plaintiffs can never get over first base because the defendants have full control of the evidence and they can get rid of what they want to. |
| Defense counsel: | Your Honor, we've gotten rid of nothing. There was no video on that aisle. We didn't preserve any video because there was nothing on that aisle…. |
| The Court: | I just have a problem with the fact the video was not preserved and [Mr. Schmale's email on behalf of Ms. Sullivan] asks that all video be preserved. In the *Lewis v. Jazz Casino Company* [case] found at 245 So. 3d 68, [the court] indicated that there were issues of material fact in connection with whether the casino failed to preserve the evidence, which is what we have here …. [A]fter the fall, a puddle is a foot wide, the cases indicate … the plaintiff does not have to be specific as to the time, but that the substance was there for some period of time …. Circumstantial evidence can be used in connection with a summary judgment. |

In *Lewis*, *supra*, the case cited by the trial court in the instant case,

Ms. Lewis filed suit against Jazz Casino, the owner and operator of the

7

Harrah's casino in New Orleans, claiming that as she was walking through the casino on August 4, 2015, she slipped and fell on some food, sustaining injuries. The casino filed a motion for summary judgment, urging Ms. Lewis's inability to prove all of the elements of her cause of action. The trial court granted summary judgment in favor of the casino, finding that Ms. Lewis failed to establish constructive notice, i.e., that the condition existed for "some time period" prior to her fall, and Ms. Lewis appealed. *Id.*, p. 8, 245 So. 3d at 74.

The Fourth Circuit observed that, although Ms. Lewis proved by circumstantial evidence that the substance in which she slipped had been on the floor "for some period of time," the length of time that it had been present was in dispute and could only be determined by the fact finder at trial. Furthermore, she was only able to show the condition of the floor one minute prior to her accident due to the fact that the casino selectively chose to only preserve video for *one minute before her fall* "which raised a genuine issue of material fact as to whether Jazz Casino intentionally, and without reasonable explanation, failed to preserve videotape evidence that was detrimental to its case and would have enabled Ms. Lewis to prove her case." *Id.* at 17-0935, pp. 12-13, 245 So. 3d at 76.

As stated above, in this case, Brookshire did not comply with Ms. Sullivan's request for the videotapes from the date of her accident, since there was no camera directly recording aisle eight. While the tapes probably would not have provided any *direct* evidence for Ms. Sullivan to use to meet her burden of establishing constructive notice, the store's unilateral decision

8

to not allow judicial resolution of this issue, such as through an *in camera* review, is concerning to this Court.[3]

Keeping in mind the standard of review for a trial judge's ruling on a motion for new trial, abuse of discretion, we cannot say that the trial court acted arbitrarily or capriciously in granting Ms. Sullivan's motion for new trial and vacating its previous summary judgment ruling in favor of Brookshire. The fact that water was dripping onto Ms. Sullivan from a leak in the roof at the time of her fall, after a heavy rain event that had ended just two hours earlier, her pants were "soaked" with water from the puddle in which she slipped, and that this puddle was a foot in diameter after having soaked into Ms. Sullivan's clothes, constitute positive evidence sufficient to show ***that the water in which Ms. Sullivan slipped and fell had been on the floor for some period of time prior to her fall***. Whether this period of time is sufficiently lengthy such that Brookshire's employees had constructive notice and should have discovered the puddle in the exercise of reasonable care are necessarily fact questions for the trier of fact following a trial on the merits.

## CONCLUSION

For the reasons set forth above, the writ application is granted, the judgment of the trial court is affirmed, and the matter is remanded for further proceedings. Costs of this application are assessed to defendant, Brookshire Grocery Company.

**WRIT GRANTED; AFFIRMED; REMANDED.**

---

[3] According to Wayne Blauert, Brookshire's corporate representative, the video footage requested by Ms. Sullivan would have been "good evidence" to show employees going throughout the store performing periodic inspections according to store policy.